**Calvin J. STONE, Plaintiff–Appellant,**

v.

**James E. PEACOCK, individually and in his former official capacity as an officer of the Georgia Department of Corrections, L.C. Strange, individually and in his official capacity as an officer of the Georgia Department of Corrections, Vince Fallin, individually and in his official capacity as an officer of the Georgia Department of Corrections, Defendants–Appellees.**

No. 91–8330.

United States Court of Appeals, Eleventh Circuit.

Aug. 17, 1992.

1164

Joseph C. Nelson, III, Nelson and Hill, Amy S. Gellins, Athens, Ga., for plaintiff-appellant.

John C. Jones, Asst. Atty. Gen., Georgia State Law Dept., Atlanta, Ga., for defendants-appellees—except Peacock.

Kenneth L. Shigley, Atlanta, Ga., for Peacock.

Before KRAVITCH and DUBINA, Circuit Judges, and RONEY, Senior Circuit Judge.

PER CURIAM:

Plaintiff Calvin J. Stone lost a jury verdict as to two defendants, and a directed verdict as to another, in his suit against officers of the Georgia Department of Corrections claiming they terminated his employment in retaliation for his speaking out about the improper use of public property and funds. We affirm the directed verdict on the ground there was insufficient evidence to go to the jury on the issue of liability as to one defendant. As to the jury verdicts for the other two defendants, we vacate and remand for further proceedings, because the trial court incorrectly submitted the issue of qualified immunity to the jury. We comment on the other issues on appeal even though the problems presented are not likely to recur if there is a retrial: (1) requiring the plaintiff to testify first as a witness and without sufficient notice, (2) refusing to excuse an allegedly biased juror, and (3) refusing to allow Stone to amend his witness list in order to add testimony from a treating psychiatrist.

After Stone's employment with the Georgia Department of Corrections was terminated, he sued James E. Peacock, the department's chief probation officer and Stone's supervisor; L.C. Strange, a district director and Peacock's supervisor; and Vince Fallin, a deputy commissioner of the probation division of the department. He alleged the defendants fired him because he had spoken out on issues involving the improper use of public property and funds. The merits of Stone's claim are not before the Court for review.

*Instruction on Qualified Immunity*

█ Before trial, Strange and Fallin moved for summary judgment based upon qualified immunity. Qualified immunity is an affirmative defense which protects public officials acting within the scope of their discretionary authority and under clearly established law from insubstantial lawsuits. *Butz v. Economou*, 438 U.S. 478,

507–08, 98 S.Ct. 2894, 2911–12, 57 L.Ed.2d 895 (1978); *Ansley v. Heinrich*, 925 F.2d 1339, 1344 (11th Cir.1991). It is immunity from suit which is effectively lost if a case is erroneously permitted to go to trial. *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985). Therefore, where there are no disputed facts requiring a full trial, the court should make the immunity determination at the pretrial stage. *See Ansley*, 925 F.2d at 1347.

Strange and Fallin contended that they are entitled to qualified immunity because Stone was discharged for misappropriation of state funds and only after they received the advice of counsel. Their motions were denied, and the case proceeded to trial.

After the close of plaintiff Stone's evidence, Strange and Fallin moved for directed verdicts. These motions were denied. At the close of all the evidence, they renewed their motions for directed verdicts, which were again denied. The court instructed the jury as to both the merits of the plaintiff's case and the defendants' qualified immunity defense. The jury returned general verdicts for the defendants. Stone appealed.

█ Stone correctly argues that the district court improperly allowed the issue of qualified immunity to go to the jury. In *Ansley v. Heinrich*, 925 F.2d 1339 (11th Cir.1991), this Court examined the disagreement among the circuits as to whether qualified immunity should become a part of the jury instruction once the affirmative defense has been denied on a motion for summary judgment. We held that a "jury should seldom, if ever, be instructed on qualified immunity; the availability of a qualified immunity defense is a question of law for the court to determine." *Id.* at 1341. *See also Bailey v. Board of County Com'rs of Alachua County*, 956 F.2d 1112, 1126 n. 17 (11th Cir.1992). Although the district court preferably makes this determination before trial, qualified immunity is a legal determination that must be made by the court and may be made either before trial, during trial, or after trial. *See Adams v. St. Lucie County Sheriff's*

*Dept.*, 962 F.2d 1563, 1567 & n. 2 (11th Cir.1992).

■ At the time the trial court submitted the immunity issue to the jury, the point was still unsettled, *Ansley* having been decided while this jury trial was in process. The law is now clear, however, that the defense of qualified immunity should be decided by the court, and should not be submitted for decision by the jury.

■ Even if a court improperly instructs the jury on qualified immunity, however, the error does not require reversal if it can be determined that the jury decided the case on the merits and not on qualified immunity. *Ansley*, 925 F.2d at 1347–49. *Cf. Stevens v. Gay*, 792 F.2d 1000, 1005 (11th Cir.1986) ("we cannot say that the charge so far fails in its proper purpose as to be reversible error").

Such was the case in *Ansley*, largely because special interrogatories were used. There, although qualified immunity was mentioned in the instructions, the district court had correctly instructed the jury on the clearly established law as to the merits of the claim of excessive use of force, and this Court was able to determine that qualified immunity had dropped out of the case as far as the jury was concerned. There was nothing to indicate that the jury found that the officers were entitled to qualified immunity from the lawsuit. 925 F.2d at 1347–48.

This case, however, compels a different result. The jury was instructed that qualified immunity is immunity from damages, when actually it would be an affirmative defense to the trial itself and not a defense to liability issues raised during trial. *Ansley*, 925 F.2d at 1348. The court charged if "you were to determine that the plaintiff is entitled to prevail, I charge you that you still may not reach a verdict in favor of the plaintiff until you decide the issue of qualified immunity." The jury was instructed to determine if defendants violated clearly established law. The court further instructed that "[i]f you find that the defendant caused a violation of plaintiff's constitutional rights, you may still not return a verdict against the defendant in question, unless you are convinced by a preponderance of the evidence that he violated a clearly established constitutional right of which a reasonable person would have known." A general verdict was used and we cannot say whether the jury decided the case on the merits or whether, even if the jury found that defendants violated plaintiff's constitutional rights, the jury was persuaded that the defendants are entitled to qualified immunity. Because the qualified immunity instructions might have resulted in the defeat of an otherwise meritorious claim, the jury verdicts must be vacated and the case remanded. *See Ansley*, 925 F.2d at 1347–48.

■ On remand, the district court must determine if the defendants are entitled to qualified immunity. Although the parties have argued on appeal whether the defendants are entitled to qualified immunity, it is appropriate for the district court to make this determination first. *See Green v. Carlson*, 826 F.2d 647, 652 (7th Cir.1987). *Cf. Ansley*, 925 F.2d at 1348. If it determines that the defendants are not entitled to qualified immunity, then the merits of the case should be submitted to the jury without reference to the qualified immunity issue. *See Ansley*, 925 F.2d at 1348. *See also Adams*, 962 F.2d at 1567. *Cf. Greason v. Kemp*, 891 F.2d 829, 840 (11th Cir.1990). If there are disputed issues of fact concerning qualified immunity that must be resolved by a full trial and which the district court determines that the jury should resolve, special interrogatories would be appropriate.

Although the defendants did not move for a judgment notwithstanding the verdict, having won the judgment on the jury verdict, on remand the district court should enter a judgment for the defendants if it determines on the record made at the trial that the defendants are entitled to a qualified immunity defense. If the court determines otherwise, then the case must be retried in accordance with the law of this Circuit.

*Directed Verdict for Defendant Peacock*

■ At the close of the plaintiff's case, the district court granted the motion for a

directed verdict by defendant James E. Peacock. Stone alleges that the court erred in determining that the evidence did not show that Peacock did any act that injured Stone and is actionable under Section 1983.

Peacock was Stone's supervisor. Prior to Stone's discharge, Peacock reprimanded Stone and gave him a failing performance report. Stone argues that Peacock's evaluations of him were vindictive retaliatory measures motivated by Stone's complaints about Peacock's handling of office property. Both Peacock and Stone were terminated for alleged involvement in financial improprieties, although Peacock appealed his termination and obtained another position. The record does not show that Peacock's evaluation caused Stone's termination or any other actionable injury. We affirm the district court's grant of a directed verdict for Peacock.

### Other Challenges

■ At the beginning of trial, the district court required Stone to testify first so that some chronology would be laid out at the beginning of the case. This initial testimony was not subject to cross-examination at that time. Stone's counsel protested the court's reordering of the witnesses. Federal Rules of Evidence Rule 611(a), however, gives courts reasonable control over the order and presentation of evidence. There may have been some error, but perhaps harmless in this case, if the court did not give Stone proper notice. The court's witness order requirement alone, however, is not reversible error absent some showing of harm. Although it does not appear that Stone has shown harm, we need not make this determination. If there is a retrial, the plaintiff will be on notice that he may be required by the court to testify at the beginning of the case.

The arguments that the district court erred in refusing to excuse an allegedly biased juror and in refusing to allow Stone to amend his witness list in order to add testimony from a treating psychiatrist are moot because of the decision here on the qualified immunity issue.

AFFIRMED IN PART, VACATED AND REMANDED IN PART.