**Dontel Lashon SINGLETON, Plaintiff,**

v.

**John McDOUGALL, individually and as Sheriff of Lee County, The City of Fort Myers, Larry Hart, Glenn Kraft, Jorge Rivera–Velez, Eli S. Miranda and James Hartsfield, Defendants.**

No. 95–293–CIV–FTM–17D.

United States District Court,
M.D. Florida,
Tampa Division.

June 28, 1996.

James Sebastian Puccio, Puccio & Associates, Ft. Myers, FL, for Dontel Lashon Singleton.

James Donohue Varnado, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Ft. Myers, FL, Kenneth W. Sukhia, David W. Moye, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tallahassee, FL, Julius F. Parker, Jr., The Parker Law Firm, P.A., Tallahassee, FL, for John McDougall.

Jacqueline Williams Hubbard, Ft. Myers, FL, Grant W. Alley, Fort Myers, FL, for City of Ft. Myers, Larry Hart.

Robert Barry Burandt, Aloia, Dudley, Roosa, Sutton & McIver, Cape Coral, FL, for Glenn Kraft, Eli S. Miranda, James Hartsfield.

James Donohue Varnado, Kenneth W. Sukhia, David W. Moye, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tallahassee, FL, for Jorge Rivera–Velez.

*ORDER*

KOVACHEVICH, Chief Judge.

This cause of action is before the Court on Defendant John J. McDougall's Motion for Summary Judgment (Docket No. 14), and Plaintiff's response (Dkt. 21).

■ This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. Miller Brewing Co.,* 708 F.2d 655–56 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant,* 595 F.2d 994, 996–97 (5th Cir.1979), quoting *Gross v. Southern Railroad Co.,* 414 F.2d 292 (5th Cir.1969). Factual disputes preclude summary judgment. As the district court in *Coghlan v. H.J. Heinz Co.,* 851 F.Supp. 808 (N.D.Tex. 1994), so summarized:

> Although a court must "review the facts drawing all inferences most favorable to the party opposing the motion," [ ] the non-movant may not rest on mere allegations or denials in its pleadings; in short, "the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e). However, merely colorable evidence or evidence not significantly probative will not defeat a properly supported summary judgment. [ ] The existence of a mere scintilla of evidence will not suffice.

*Id.* at 810–11, (citations omitted).

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986):

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to

that party's case, and on which that party will bear the burden of proof at trial.

*Id.* at 322, 106 S.Ct. at 2552.

The Court also said, "Rule 56(e) therefore requires the non-moving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. at 2553–54.

## I. FACTS

Plaintiff alleges that Defendant McDougall maintained an inadequate officer training and review program regarding the permissible use of firearms by deputies, given the Department's prior experience with wrongful shootings and use of excessive force. Plaintiff further contends this system resulted in officers being unaware of the rules governing the permissible use of firearms, and the belief that firearm discharges are entirely within the individual officer's discretion. This approach to use and employment of firearms and deadly force is alleged to have a causal connection to the injuries sustained by Plaintiff as a result of a firearm discharge by Defendant's subordinate deputies.

## II. DISCUSSION

■ The existence of a qualified immunity is a question of law to be determined by the court. *Stone v. Peacock,* 968 F.2d 1163, *reh'g denied,* 980 F.2d 1449 (11th Cir.1992). Because this immunity is intended to protect public officials from suit in their individual capacities in all but the most exceptional cases, "courts should think long and hard before stripping defendants of immunity." *Lassiter v. Alabama A & M University,* 28 F.3d 1146, 1149 (11th Cir.1994). To dispense with the qualified immunity claim, Plaintiff bears the burden of showing that Defendant allegedly violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396, 410 (1982).

Because Defendant was not personally involved in the incident alleged to have violated Plaintiff's rights, Plaintiff must show that "a reasonable person in [Defendant's] position would have known that his conduct infringed the constitutional right of the plaintiff, [ ] and his conduct was causally related to the constitutional violation committed by his subordinate." *Greason v. Kemp,* 891 F.2d 829, 836 (11th Cir.1990), (citations omitted). In this case, Plaintiff bases liability on Defendant's establishment of a custom or policy that violated a clearly established constitutional right of which Defendant should have known, and which custom and policy was causally related to the alleged constitutional violation committed by the subordinate deputies.

■ A three-pronged test is applicable to determine a supervisor's liability: (1) whether, in failing adequately to train and supervise subordinates, he was deliberately indifferent to Plaintiff's rights; (2) whether a reasonable person in the supervisor's position would know that his failure to train and supervise reflected deliberate indifference; and (3) whether his conduct was causally related to the constitutional infringement by his subordinate. *Greason,* 891 F.2d at 836–37.

The evidence viewed in the light most favorable to Plaintiff shows that the Lee County Sheriff's Department personnel were involved in numerous previous incidents of excessive and deadly force, resulting in lawsuits alleging the same or similar civil rights violations as Plaintiff. Plaintiff contends that these incidents are indicative of an inadequate firearm discharge training and review program, and these deficiencies have resulted in an improper understanding of firearms use among law enforcement officers. For Plaintiff to prevail, the Court must find that Defendant, or a reasonable person in Defendant's position, considered the prior firearm incidents and lawsuits to provide notice that a failure to act would amount to a violation of a clearly established right to any citizen who may subsequently be subjected to excessive and deadly force.

As to the first prong of the *Greason* test, Plaintiff relies on Defendant's failure to adequately train and supervise his subordinates in the proper employment of firearms, and a substandard review program, as evidence

of a deliberate indifference to the rights of the citizenry. Whether this inference may be drawn or not, Plaintiff must satisfy the second prong of the test by showing that Defendant's failure to adequately train and supervise his subordinates in the proper employment of firearms would be known to a reasonable person in Defendant's position as a reflection of a deliberate indifference.

 The deficiency in this argument is that Plaintiff does not identify a single case in which it was determined that a clearly established right had been violated. In the absence of a clearly established right, Defendant had no clear duty to act. Had even a single case been returned with a finding that a Sheriff's Department officer had violated a plaintiff's rights by employing excessive and deadly force, Plaintiff's argument would have merit. To find otherwise would require Defendant to take steps to prevent future violations whenever a violation is alleged, or to successfully predetermine the outcome of litigation and act on that basis.

Finally, Plaintiff fails to satisfy the third prong of the *Greason* test due to a complete absence of any allegation that the shooting officers were aware of the Defendant's alleged "unofficial" policies, much less that they relied upon them to the extent they could fairly be considered "causally related."

### III. CONCLUSION

Regardless of whether the facts as alleged reflect a deliberate indifference to the rights of citizens in general, the evidence fails to show that a reasonable person in Defendant's position would know that the unresolved lawsuits created notice of a clearly established right requiring corrective action on the part of the Defendant, or that the subordinates involved in the alleged violation of Plaintiff's rights relied on the custom or policy of the Defendant such as to create a causal connection. For these reasons, Plaintiff fails to meet the *Greason* test as enunciated by the Eleventh Circuit Court of Appeals. The Court grants Defendant's Motion to Dismiss.

Plaintiff has requested that the Court allow a dismissal without prejudice. However, hindsight is inapplicable to what a reasonable person in Defendant's position would have done, *see Hunter v. Bryant,* 502 U.S. 224, 227, 112 S.Ct. 534, 536, 116 L.Ed.2d 589, 595 (1991), and a subsequent finding that Lee County Sheriff's personnel used excessive and deadly force in any subsequent decision is irrelevant. Defendant's Motion to Dismiss is therefore granted with prejudice.

Since this matter is dismissed as to Defendant McDougall in his individual capacity, it is unnecessary for the Court to consider Defendant's other grounds for dismissal as they apply to individual counts of Plaintiff's complaint. Accordingly, it is

**ORDERED** that Defendant's Motion for Summary Judgment in his individual capacity (Docket No. 14) is **granted.**

**DONE and ORDERED.**