**Al COLETTA, Plaintiff,**

v.

**THE CITY OF NORTH BAY VILLAGE, a municipal corporation organized under the laws of the State of Florida; Paul Vogel, in his individual capacity; James DiPietro, in his individual capacity; Michael Berkman, in his individual capacity, Defendants.**

No. 95–2082–CIV.

United States District Court, S.D. Florida.

April 11, 1997.

John K. Shubin, Shubin & Bass, Miami, FL, Michael Ullman, North Miami Beach, FL, for Plaintiff.

Harriet R. Lewis, Adorno & Zeder, P.A., Ft. Lauderdale, FL, for Defendants.

### ORDER ON MOTIONS TO DISMISS

HIGHSMITH, District Judge.

THIS CAUSE comes before the Court upon Defendants Paul Vogel, James DiPietro, and Michael Berkman's Motion to Dismiss Counts I and IV of Plaintiff's Second Amended Complaint, filed December 5, 1996; and Defendants Paul Vogel, James DiPietro, and Michael Berkman's Motion to Dismiss

Counts II and III of Plaintiff's Second Amended Complaint, filed December 19, 1996. For the reasons set forth below, the Court grants said motions as to Counts I and IV, and denies said motions as to Counts II and III.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Al Coletta, a resident and property owner in the City of North Bay Village, ("the City") brings this action under Title 42, United States Code, Sections 1983 and 1988, alleging violations of the plaintiff's substantive and procedural due process rights, his rights to equal protection of the law, and his First Amendment right to free speech. According to the Second Amended Complaint, the plaintiff's previously cordial relationship with the mayor of the City of North Bay Village ("the City"), Defendant Paul Vogel, deteriorated after the mayor allegedly attempted to exact a fee of $2,500 in 1982 in connection with the plaintiff's business ventures. The plaintiff contends that, since that time, the mayor has "personally directed a vindictive and malicious campaign to destroy [the plaintiff] ... [and] deprive [him] of his rights to life, liberty, and property...." Second Amended Complaint, at ¶ 11.

On May 22, 1996, the Court issued an Omnibus Order that, among other things, dismissed Count I of the plaintiff's original complaint and directed the plaintiff to file an amended complaint that complied with the Court's rulings in the Omnibus Order. Similarly, on October 30, 1996, the Court issued an Order on Pending Motions that, among other things, dismissed Count I of the Amended Complaint and gave the plaintiff "one final opportunity to amend the complaint."

On November 19, 1996, the plaintiff filed his Second Amended Complaint. In the Second Amended Complaint, the plaintiff again alleges violations of his substantive due process rights, his rights to equal protection of the law and his First Amendment right to free speech, and adds an allegation that he was not given procedural due process. In each count, he seeks damages from Mayor Paul Vogel, City Manager James DiPietro,

Building Inspector and Code Enforcement Officer Michael Berkman (collectively, "the individual defendants") and the City. Presently, the individual defendants move to dismiss each count.

## II. DISCUSSION

### A. Standard of Review for Motions to Dismiss

To state a claim, *Fed.R.Civ.P.* 8(a) requires, *inter alia,* "a short and plain statement of the claim showing that the pleader is entitled to relief." The court must "take the material allegations of the complaint and its incorporated exhibits as true, and liberally construe the complaint in favor of the Plaintiff." *Burch v. Apalachee Community Mental Health Services, Inc.,* 840 F.2d 797, 798 (11th Cir.1988), *aff'd,* 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990) (citation omitted). The law in this Circuit is well-settled that "the 'accepted rule' for appraising the sufficiency of a complaint is 'that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *SEC v. ESM Group, Inc.,* 835 F.2d 270, 272 (11th Cir.1988), *cert. denied,* 486 U.S. 1055, 108 S.Ct. 2822, 100 L.Ed.2d 923 (1988) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)). The moving party bears a heavy burden. *St. Joseph's Hosp., Inc. v. Hospital Corp. of Am.,* 795 F.2d 948, 953 (11th Cir. 1986).

### B. Motion to Dismiss Counts I and IV

### 1. Count I—Substantive Due Process

As noted above, on two separate occasions this Court has issued orders dismissing the plaintiff's claims that his substantive due process rights were violated. In his most recent amendment to Count I, the plaintiff again attempts to allege a claim for violations of his substantive due process rights. With minor exceptions, the factual allegations supporting the present claim are identical to those set out in the earlier complaints.

The plaintiff asserts that his rights to the use of his property have been violated.

Land use rights, as property rights generally, are state created. *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972); *Spence v. Zimmerman,* 873 F.2d 256, 258 (11th Cir.1989). State created rights are not subject to substantive due process under the Due Process Clause because "substantive due process rights are created only by the Constitution." *McKinney v. Pate,* 20 F.3d 1550, 1556. Moreover, in a very recent opinion, the Eleventh Circuit explicitly applied the *McKinney* analysis to land use regulations, and found that violations of such regulations do not give rise to substantive due process claims. *DeKalb Stone Inc. v. County,* 106 F.3d 956 (11th Cir.1997). Although he attempts to couch the claim in terms of federal rights, the plaintiff has yet again attempted to state a claim for a deprivation of substantive due process based on violations of state created land use rights. As the Court noted in prior orders, benefits created by state law are protected only by the procedural component of the Fourteenth Amendment's Due Process Clause. *McKinney* at 1556–57. Therefore, the plaintiff has failed for the third time to state a claim for violations of his substantive due process rights. Accordingly, consistent with this Court's October 30, 1996, Order on Pending Motions, the Court dismisses Count I with prejudice.

### 2. Count IV—Procedural Due Process

■ In *McKinney,* the Eleventh Circuit observed that, unlike the deprivation of a right provided by substantive federal law, which gives rise to a Section 1983 lawsuit as soon as the wrongful action is taken, "a procedural violation is not complete 'unless and until the state fails to provide due process.'" *McKinney* at 1557 (quoting *Zinermon v. Burch,* 494 U.S. 113, 126, 110 S.Ct. 975, 983–84, 108 L.Ed.2d 100 (1990)). Thus, even when a plaintiff has suffered a procedural deprivation at the hands of the state, he has not suffered a violation of his procedural due process rights unless and until the state refuses to make available a means to remedy the deprivation. *Id.*

■ In the present action, the plaintiff has failed to allege that any of the defendants refused to make available a procedural means to remedy any of the alleged deprivations. In fact, with regard to some of the alleged violations of his rights, plaintiff admits that he availed himself of the appellate rights available to him. *See* Second Amended Complaint ¶¶ 21 and 22. In addition, with regard to other alleged violations the plaintiff admits that he was ultimately awarded the permits and approvals sought. *See* Second Amended Complaint ¶ 25. At no point does the plaintiff allege that he was denied any procedural means to remedy the alleged violations. Accordingly, even viewing the Second Amended Complaint in the light most favorable to the plaintiff, the Court finds that it appears beyond doubt that he can prove no set of facts that would entitle him to relief as to Count IV.

Moreover, in Count IV the plaintiff seeks compensatory and punitive damages. He does not seek a remedial hearing or other equitable relief In *McKinney,* the Eleventh Circuit noted that "if the claimant elects not to seek a remedial hearing, no compensatory damages may be awarded either." *McKinney* at 1557 n. 11. Consequently, even if the plaintiff's own pleadings did not demonstrate that he cannot state a claim for any deprivation of procedural due process, the Court could not award the relief the plaintiff seeks. Accordingly, the Court grants the individual defendants' motion to dismiss as to Count IV.

### C. Motion to Dismiss Counts II and III

#### 1. Failure to State a Claim as to Count III

■ In order to state a prima facie case for a violation of plaintiff's first amendment rights, he must plead three elements: (1) the defendants acted under color of state law; (2) the defendants deprived the plaintiff of his First Amendment rights; and (3) that his rights were protected by the United States Constitution. *See e.g. Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). At this stage in the proceedings, the plaintiff merely needs to allege facts in support of these three elements. As noted at the outset, this is a low threshold standard. Upon a review of the Second Amended Complaint, the motion, and the law, the Court is

constrained to deny the individual defendants' motion to dismiss Count III on these grounds.

## 2. Qualified Immunity as to Counts II and III

■ The individual defendants assert that they are entitled to qualified immunity from liability under 42 U.S.C. § 1983, and that, therefore, Counts II and III should be dismissed as to them. As this Court noted in a previous case, "qualified immunity is a legal determination that must be made by the court and may be made either before trial, during trial, or after trial." *Mincieli v. Bruder*, 914 F.Supp. 512, 516 (S.D.Fla.1994) (Highsith, J.), *aff'd* 73 F.3d 1107 (11th Cir. 1995), *cert. denied* —— U.S. ——, 117 S.Ct. 294, 136 L.Ed.2d 213 (1996) (quoting *Stone v. Peacock*, 968 F.2d 1163, 1165–66 (11th Cir. 1992)).

■ In addressing the individual defendants' assertion of qualified immunity, the Court applies a two step analysis as set out by the Eleventh Circuit in *Lowe v. Aldridge*, 958 F.2d 1565, 1570 (11th Cir.1992). First, they must show that they were acting within the scope of their discretionary authority when the allegedly wrongful activities occurred. Then, once this first element has been met, the burden shifts and the plaintiff must show a lack of good faith on the individual defendants' part. For the purposes of a motion to dismiss, the plaintiff can meet this burden by alleging that the individual defendants' actions violated clearly established constitutional law, or that the individual defendants' objective intent was to harm the plaintiff, regardless of the state of the law at the time of the conduct. *Douthit v. Jones*, 619 F.2d 527 (5th Cir.1980).

Because the plaintiff does not dispute the fact that they acted within the scope of their discretionary authority, the Court concludes that the individual defendants have met the first element and the burden shifts to the plaintiff. Therefore, the Court proceeds to determine whether the plaintiff has met his burden of alleging that said activities violated clearly established constitutional law, or were done with the objective intent to harm him.

■ In his Second Amended Complaint, the plaintiff alleges sufficient facts to satisfy his burden of showing that each individual defendant acted with the intent to harm him. *See e.g.* Second Amended Complaint ¶¶ 11, 27, 29, and 31. Accordingly, for the purposes of the motion to dismiss, the Court is constrained to find that the plaintiff has met his burden of alleging that the individual defendants failed to act in good faith. Accordingly, as to the issue of qualified immunity, the Court denies the motion to dismiss Counts II and III without prejudice to the filing of a proper summary judgment motion on this issue.

## III. CONCLUSION

In light of the foregoing, it is hereby

ORDERED AND ADJUDGED that the individual defendants' Motion to Dismiss Counts I and IV of Plaintiff's Second Amended Complaint, filed December 5, 1996, is GRANTED. Counts I and IV are DISMISSED WITH PREJUDICE. It is further

ORDERED AND ADJUDGED that the individual defendants' Motion to Dismiss Counts II and III of Plaintiff's Second Amended Complaint, filed December 19, 1996, is DENIED.