George E. APOSTOL, Plaintiff–Appellee,

v.

Mark GALLION, et al., Defendants–Appellants.

John AURIEMMA, et al., Plaintiffs–Appellees,

v.

Fred RICE, Defendant–Appellant,

and

City of Chicago, Defendant.

Nos. 89–1030, 89–1479.

United States Court of Appeals, Seventh Circuit.

Submitted March 13 and 17, 1989.

Decided March 28, 1989.

---

1336

Steven Sommerfield, Downers Grove, Ill., Gregory Rogus, Garr & Associates, Chicago, Ill., Langdon D. Neal, Earl L. Neal, Neal & Associates, Judson H. Miner, James D. Montgomery, Corp. Counsel, Chicago, Ill., for defendants-appellants.

John L. Gubbins, Gubbins & Associates, Michael S. Baird, Stotis, Chionis, Craven & Baird, Chicago, Ill., plaintiffs-appellees.

Before POSNER, EASTERBROOK, RIPPLE, and MANION, Circuit Judges.*

EASTERBROOK, Circuit Judge.

In each of these suits for damages under 42 U.S.C. § 1983, the individual defendants raised a claim of qualified immunity as a matter of law. *Anderson v. Creighton,* 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987); *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). In each the district judge denied the defendants' motion for summary judgment and set the case for trial. In each the individual defendants filed a notice of appeal on the authority of *Mitchell v. Forsyth,* 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), and asked the district judge to defer trial until after the resolution of the appeal. In each the district judge denied the motion. We issued interim stays and called for briefs addressing the question whether an appeal under *Forsyth* prevents district judges from proceeding to trial. On this question no court of appeals has spoken, although *Kennedy v. City of Cleveland,* 797 F.2d 297, 299 (6th Cir.1986), implies an affirmative answer.

As a rule, only one tribunal handles a case at a time. "[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982). See also, e.g., *Berman v. United States,* 302 U.S. 211, 214, 58 S.Ct. 164, 166, 82 L.Ed. 204 (1937); *Hovey v. McDonald,* 109 U.S. 150, 157, 3 S.Ct. 136, 140, 27 L.Ed. 888 (1883); *United States v. Hocking,* 841 F.2d 735 (7th Cir.1988); 9 *Moore's Federal Practice* ¶ 203.11 (2d ed. 1988); Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Eugene Gressman, 16 *Federal Practice and Procedure* § 3949 at p. 359 (1977). Cf. *United States v. Cronic,* 466 U.S. 648, 667 n. 42, 104 S.Ct. 2039, 2051 n. 42, 80 L.Ed.2d 657 (1984) (while an appeal is pending the district court may deny, but not grant, motions for relief from judgment); *In re Jones,* 768 F.2d 923, 930–31 (7th Cir.1985) (concurring opinion) (questioning whether the district court retains even enough jurisdiction to issue an opinion explaining its actions, once an appeal has been filed). Someone must be in charge of a case; simultaneous proceedings in multiple forums create confusion and duplication of effort; the notice of appeal and the mandate after its resolution avoid these by allocating control between forums.

Jurisdiction is not a unitary concept, however. The term has many meanings, see *Szabo Food Service, Inc. v. Canteen Corp.,* 823 F.2d 1073, 1077–79 (7th Cir. 1987); *American National Bank & Trust Co. v. City of Chicago,* 826 F.2d 1547, 1552–53 (7th Cir.1987). The distribution of authority to decide depends on practical rather than formal considerations, and it is easy to imagine two courts having jurisdiction to proceed at once. Why depend on imagination?—this happens every day. District courts award costs and attorneys' fees while the courts of appeals consider the merits. *Budinich v. Becton Dickinson*

---

* Judges Posner, Easterbrook, and Ripple are the panel in No. 89–1030; Judges Easterbrook, Ripple, and Manion are the panel in No. 89–1479. The motions for stay in these otherwise-unrelated cases present identical issues, leading to this joint opinion.

**1338**

& Co., —— U.S. ——, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988); *Buchanan v. Stanships, Inc.*, 485 U.S. 265, 108 S.Ct. 1130, 99 L.Ed.2d 289 (1988). Cf. *Osterneck v. Ernst & Whinney*, —— U.S. ——, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989). Appeals based on the "collateral order doctrine" of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), present issues separate from the merits (in *Cohen*, the propriety of a bond for costs), and the court of appeals can consider these segregable issues while the district court presses ahead with the case. Indeed, one of the rationales for the *Cohen* doctrine is precisely that an appeal of a collateral order does not disrupt the litigation in the district court. *Stack v. Boyle*, 342 U.S. 1, 12, 72 S.Ct. 1, 7, 96 L.Ed. 3 (1951) (Jackson, J., concurring).

■ So it may be significant that *Forsyth* invokes *Cohen*'s collateral order doctrine. *Forsyth*'s direct predecessor, *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), holds that an interlocutory appeal may be taken to vindicate the "right not to be tried" created by the Double Jeopardy Clause. The Court saw such an appeal as one raising an issue separate from the merits yet presenting a question that could not be resolved on appeal from a final judgment—for by then the trial would be over, the "right not to stand trial" lost. The collateral order doctrine authorizes an appeal in those circumstances, *Abney* holds. *Forsyth* then reasoned that qualified immunity as a matter of law, like the Double Jeopardy Clause, yields a right not to endure the cost and travail of trial, implying a right to a pre-trial appeal. If *Forsyth* is just an application of *Cohen*'s collateral order doctrine, and if appeals from collateral orders do not block proceedings in the district court, then it seems to follow that the district court may hold the trial while a *Forsyth* appeal is pending, unless the appellant satisfies the traditional criteria for obtaining a stay—including demonstrating probability of success on the merits.

Such a conclusion would do nothing but illustrate the tyranny of labels. A district court may resolve the merits while the court of appeals deliberates about bond, may award attorneys' fees while the court of appeals addresses the merits, and so on, because there is no concurrent exercise of power on the same subject and little overlap of issues. True, a decision reversing the judgment on the merits would affect or nullify the award of fees, but the subjects are distinct. The trial is inextricably tied to the question of immunity, however. The question on an appeal under *Forsyth* is whether the defendant may be subjected to trial. The justification for the interlocutory appeal is that the trial destroys rights created by the immunity. *Forsyth*, 472 U.S. at 526, 105 S.Ct. at 2815; *Scott v. Lacy*, 811 F.2d 1153 (7th Cir.1987). It makes no sense for trial to go forward while the court of appeals cogitates on whether there should be one. *Griggs* says that the notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal." 459 U.S. at 58, 103 S.Ct. at 402. Whether there shall be a trial is precisely the "aspect[ ] of the case involved in the appeal" under *Forsyth*. It follows that a proper *Forsyth* appeal divests the district court of jurisdiction (that is, authority) to require the appealing defendants to appear for trial. Cf. *Harlow*, 457 U.S. at 818, 102 S.Ct. at 2738 ("Until this threshold immunity question is resolved, discovery should not be allowed.").

Although this approach protects the interests of the defendants claiming qualified immunity, it may injure the legitimate interests of other litigants and the judicial system. During the appeal memories fade, attorneys' meters tick, judges' schedules become chaotic (to the detriment of litigants in other cases). Plaintiffs' entitlements may be lost or undermined. Most deferments will be unnecessary. The majority of *Forsyth* appeals—like the bulk of all appeals—end in affirmance. Defendants may seek to stall because they gain from delay at plaintiffs' expense, an incentive yielding unjustified appeals. Defendants may take *Forsyth* appeals for tactical as well as strategic reasons: disappointed by the denial of a continuance,

they may help themselves to a postponement by lodging a notice of appeal. Proceedings masquerading as *Forsyth* appeals but in fact not presenting genuine claims of immunity create still further problems.

▆▆ Courts are not helpless in the face of manipulation. District judges lose power to proceed with trial because the defendants' entitlement to block the trial is the focus of the appeal. If the claim of immunity is a sham, however, the notice of appeal does not transfer jurisdiction to the court of appeals, and so does not stop the district court in its tracks. A complaint invoking federal law may be so thin that it does not even create federal jurisdiction. *Hagans v. Lavine*, 415 U.S. 528, 536–38, 94 S.Ct. 1372, 1378–80, 39 L.Ed.2d 577 (1974); *Crowley Cutlery Co. v. United States*, 849 F.2d 273 (7th Cir.1988). Similarly, a notice of appeal may be so baseless that it does not invoke appellate jurisdiction. *Richardson v. United States*, 468 U.S. 317, 322, 104 S.Ct. 3081, 3084, 82 L.Ed.2d 242 (1984) ("the appealability of a double jeopardy claim depends on its being at least 'colorable' "). Perhaps the district judge has not finally resolved the question of immunity; perhaps the disposition is so plainly correct that nothing can be said on the other side. Courts of appeals may dismiss the appeals and award sanctions, *Cleaver v. Elias*, 852 F.2d 266 (7th Cir.1988), but district courts have their own resources. In interlocutory double jeopardy cases—so closely parallel to *Forsyth* appeals that the principles are freely transferrable—a district court may certify to the court of appeals that the appeal is frivolous and get on with the trial. See *United States v. Dunbar*, 611 F.2d 985 (5th Cir.1980) (en banc), cited with approval in *United States v. Cannon*, 715 F.2d 1228, 1231 (7th Cir.1983). See also *United States v. Byrski*, 854 F.2d 955, 956 n. 1 (7th Cir.1988); *United States v. Grabinski*, 674 F.2d 677, 679–80 (8th Cir.1982). Such a power must be used with restraint, just as the power to dismiss a complaint for lack of jurisdiction because it is frivolous is anomalous and must be used with restraint. But it is there, and it may be valuable in cutting short the deleterious effects of unfounded appeals.

▆▆ Frivolousness is not the only reason a notice of appeal may be ineffectual. Defendants may waive or forfeit their right not to be tried. If they wait too long after the denial of summary judgment, or if they use claims of immunity in a manipulative fashion, they surrender any entitlement to obtain an appellate decision before trial. *Kennedy*, 797 F.2d at 300–01. This is not to say that they lose the right to contend on appeal from the final judgment that they enjoy immunity from damages; the right not to pay damages and the right to avoid trial are distinct aspects of immunity, and the former may be raised on appeal at the end of the case even if defendants bypass their right to appeal under *Forsyth* before trial. See *Kurowski v. Krajewski*, 848 F.2d 767, 772–73 (7th Cir.1988). We have no doubt, however, that defendants who play games with the district court's schedule forfeit their entitlement to a pretrial appeal. A district court may certify that a defendant has surrendered the entitlement to a pre-trial appeal and proceed with trial.

▆▆ A party aggrieved by a finding of frivolousness or forfeiture (Circuit Rule 50 requires a district court to provide a reasoned explanation of its action) may seek a stay from this court, for we have jurisdiction to determine our jurisdiction. If we conclude that the appeal invokes our power and presents a genuine issue, the trial must be postponed until the appeal is resolved. In the absence of the district court's reasoned finding of frivolousness or forfeiture, however, the trial is automatically put off; it should not be necessary for the defendants to come to this court, hat in hand, seeking relief that is theirs by virtue of *Forsyth*, which authorizes *pre-trial* appeals.

▆▆ Once the appeal transfers jurisdiction here, the burden rests with plaintiffs rather than defendants. Plaintiffs contending that the claim of immunity is feeble may ask us to affirm summarily. See *Abney*, 431 U.S. at 662 n. 8, 97 S.Ct. at 2042 n. 8. Although neither the Rules of Appellate Procedure nor the rules of this

court explicitly provide for the filing of a motion to affirm the judgment summarily, neither do they prevent such motions. We commonly affirm (or reverse) on the motions papers when defendants challenge orders of pretrial detention, cf. Circuit Rule 9, and summary disposition is appropriate in other cases as well. See *Mather v. Village of Mundelein*, 869 F.2d 356 (7th Cir.1989), describing this court's practices. An appellate court may decide after abbreviated proceedings when there is a need for haste, *Barefoot v. Estelle*, 463 U.S. 880, 889–92, 103 S.Ct. 3383, 3392–94, 77 L.Ed.2d 1090 (1983), and we are prepared to implement the suggestion in *Abney* that we expedite the resolution of weak pre-trial appeals.

 Neither district judge has certified that the appeal is frivolous or taken for purposes of delay under circumstances demonstrating forfeiture of the privilege extended by *Forsyth*. The district court in *Auriemma* stated that its order was not appealable but did not explain why. Accordingly, these appeals should wind up before trials start—unless either district judge elects to make the findings necessary to a determination of frivolousness or forfeiture, a path we do not close because it may not have been evident until now that it was open. Plaintiffs in *Auriemma* contend that the claim of immunity has been waived by delay in its assertion, but unless and until the district judge adopts that view, further proceedings in the district courts concerning the defendants who have filed notices of appeal are stayed. These stays will terminate automatically on the issuance of mandate. In *Auriemma*, in which the plaintiffs contend that the appeal is frivolous and the defendant has asked for expedited review, the court will issue an accelerated briefing schedule. *Abney*, 431 U.S. at 662 n. 8, 97 S.Ct. at 2042 n. 8. No one has asked the court to put *Apostol* on the fast track, and that case accordingly

will be set for briefing in the regular course.