**Michael HELLER, Plaintiff,**

v.

**William WOODWARD, Defendant.**

**No. 88–1527–M Civ.**

United States District Court,
D. New Mexico.

April 10, 1990.

Robert D. Jesmer, Caldwell, Levin, Jesmer & Vance, Santa Fe, N.M., and Richard H. Levin, Caldwell, Levin, Jesmer & Vance, Albuquerque, N.M., and Stephen E. Tinkler, Denver, Colo., for plaintiff.

David P. Barton and C. Emery Cuddy, Jr., Simons, Cuddy & Friedman, Santa Fe, N.M., for Santa Fe Public Schools and William Woodward.

## MEMORANDUM OPINION AND ORDER

MECHEM, District Judge.

This matter came on for consideration on defendant's motion to stay the trial of April 16, 1990 pending the appeal of my order of April 2, 1990 denying defendant's motion for summary judgment on the issue of qualified immunity. Having considered the motion the response, the reply, and being otherwise fully advised in the premises, I find that the motion for the stay is hereby denied and a certification of frivolousness is hereby entered to the Tenth Circuit Court of Appeals.

## BACKGROUND

Plaintiff brought this action claiming that defendant, Director of the Naval Junior Reserve Officer Training Corps (JROTC) at Santa Fe High School, violated his first amendment rights when defendant physically removed him from the JROTC's reception following an inspection to which plaintiff, as a photographer for the *Santa Fe Daily Newspaper*, had been invited. Plaintiff alleges that defendant prohibited him from taking a photograph of a cadet who had fainted and forcibly removed him from the room. Plaintiff further claims

that the defendant removed him from the room in a negligent manner which resulted in injuries to the plaintiff and his equipment.

Defendant brought a motion for summary judgment based on qualified immunity for the alleged First Amendment violation. I denied defendant's motion by order dated April 2, 1990. Defendant filed a notice of appeal on April 6, 1990 and filed the present motion to stay on April 6 and the memorandum in support on April 9. Plaintiff responded and defendant replied on April 9.

## DISCUSSION

■ Interlocutory appeals under *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) concerning the denial of qualified immunity claims are, like interlocutory appeals concerning the denial of double jeopardy claims, based upon the collateral order doctrine set forth in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); *Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir.1989). An interlocutory appeal taken under the collateral order doctrine which has been determined to be frivolous does not divest the district court of jurisdiction to act. *United States v. Hines*, 689 F.2d 934, 936–37 (10th Cir.1982); *Apostol, supra*, at 1338. The reason is to prevent a defendant from injuring the legitimate interest of other litigants and the judicial system by unwarranted delay brought about by the mere filing of a notice of appeal. *United States v. Hines, supra*, at 936–37; *Apostol, supra*, at 1338–39. The district court additionally retains jurisdiction to determine whether the defendant's right not to be tried has been waived or forfeited. *Apostol, supra*, at 1339.

■ A pretrial appeal of a denial of qualified immunity may be appropriate in situations where the district court finds disputed issues of material fact concerning the qualified immunity claim. *DeVargas v. Mason & Hanger–Silas Mason Co., Inc.*, 844 F.2d 714, 719 (10th Cir.1988). The court of appeal's task in such a case is not to determine liability but rather "to determine whether, on the basis of the pretrial record, there exists a conflict sufficiently material to defendants' claim of immunity to require them to stand trial." *Id.* (citations omitted).

■ In this case, the pretrial record is so replete with evidence that creates disputed issues of material fact concerning defendant's claim of immunity that an opinion setting forth the reasoning for my denial of defendant's motion was not warranted. It is undisputed that at the time the plaintiff was on the public school property, he had been invited to be there to report on the inspection. The general public was invited as well, and the general public was on the property and had not been asked to leave. The room in which the alleged violation occurred was the site of a reception to which the public had been invited following the inspection. Plaintiff's right to be in the room and to perform the duties of a reporter is clearly established under *Perry Education Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 103 S.Ct. 948, 74 L.Ed.2d 794 (1983), *Pell v. Procunier*, 417 U.S. 817, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974), *Houchins v. KQED*, 438 U.S. 1, 98 S.Ct. 2588, 57 L.Ed.2d 553 (1978), and *Tinker v. Des Moines Independent Community School Dist.*, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969). Plaintiff provided evidence and argument which raised genuine issues of material fact which go to whether or not the State Board of Education Regulation No. 81–3 on which defendant depends would be applicable to the plaintiff and whether, even if applicable, defendant unreasonably misapplied the regulation. Through deposition testimony, plaintiff raised factual disputes as to whether or not plaintiff was being disruptive as well as to the manner in which plaintiff was ejected from the area.

Plaintiff's deposition provides that when he approached the reception room, the defendant jumped up and grabbed him and told him he was not going to take pictures there. Plaintiff was getting ready to take a picture but was prevented from doing so. The defendant physically pushed plaintiff

back into the lockers that were outside of the room with such force that the plaintiff sustained injury to himself and his equipment. Defendant's deposition provides that plaintiff did not prevent defendant from attending to the cadet who had fainted, but that plaintiff's focusing of his camera and his moving aside several students was a distraction to defendant warranting the physical removal of plaintiff from the room. Plaintiff was approximately seven feet away from defendant. Evidence was produced through depositions and an internal memo that defendant was reprimanded by the principal of the school for losing control, and that defendant agreed his actions were a bit hasty and he would work on control as a part of his professional growth. The deposition of the superintendent provides that it is his opinion that plaintiff had the right to be on the school premises and could be removed only if he was disruptive or interfering in any manner with the educational process.

In light of the above facts clearly in dispute which are material to defendant's claim of immunity, I find that an appeal of the denial of the defendant's summary judgment motion on the issue of qualified immunity is baseless and frivolous.

■ Furthermore, two of the purposes of granting an immediate appeal on the issue of qualified immunity are to insulate the government from the costs of defending a claim to which a defense of qualified immunity might apply and to vindicate "the right not to be tried." *Apostol, supra,* at 1338. This case includes a state law negligence claim for damages to which a defense of qualified immunity does not apply. Consequently, defendant will be compelled to defend a claim for damages regardless of the outcome of his claim of qualified immunity to the alleged First Amendment violation. As a result, these purposes for an immediate appeal would not be served by delaying the trial. Additionally, it seems apparent that the trial of plaintiff's claims for damages for negligence will involve the presentation of the same evidence that will be produced in proving plaintiff's First Amendment claim as each claim evolves from the same factual events. Defendant states in his motion to stay that the facts involving all claims are so intricately linked that it would be meaningless to attempt to differentiate the claims for purposes of the trial. Therefore, I can see no significant prejudice to the defendant by proceeding with the trial as scheduled.

■ Regarding whether the defendant has waived his right not to be tried because of unreasonable delay, I find that defendant has not waived his right. The complaint in this case was filed on December 20, 1988. Defendant raised his qualified immunity defense for the first time on February 15, 1990 at which time he also requested summary judgment on the issue. February 15, 1990, was the last day to file pretrial motions. While I may question the timing of raising the defense and the motion, under the circumstances I cannot find that defendant waived or forfeited his right not to be tried. Defendant did file his motion within the deadline for filing motions and promptly filed a notice of appeal after the denial of the motion was entered. Now, Therefore,

IT IS ORDERED that defendant's motion for a stay is hereby denied, and a certification of frivolousness is hereby entered to the Tenth Circuit Court of Appeals.