**UNITED STATES of America, Plaintiff,**

v.

**Christopher Richard MESSINO and Clement Messino, Defendants.**

**No. 93 CR 294.**

United States District Court,
N.D. Illinois,
Eastern Division.

Dec. 13, 1995.

L. Felipe Sanchez, United States Attorney's Office, Chicago, Illinois, for Plaintiff.

Marc William Martin, Genson, Steinback & Gillespie, Chicago, IL, for Christopher R. Messino.

E.E. Edwards, III, Edwards & Simmons, Nashville, TN, Douglas P. Roller, Roller & Associates, Naperville, IL, for Clement A. Messino.

Joseph Patrick Storto, Joseph P. Storto & Associates, P.C., Bensenville, IL, Linda Amdur, Chicago, IL, E.E. Edwards, III, Edwards & Simmons, Nashville, TN, for Michael Homerding.

Robert A. Loeb, Chicago, IL, for Donald Southern.

Edward Marvin Genson, Genson, Steinback & Gillespie, Donna Ann Hickstein–Foley, Foley and Foley, Chicago, IL, for William Underwood.

Gerardo Solon Gutierrez, Nabhani & Associates, Thomas Michael Breen, Martin, Breen & Merrick, Chicago, IL, for Christopher R. Messino.

John P. De Rose, John P. De Rose & Associates, Burr Ridge, IL, Robert Lee Gevirtz, Gevirtz, Born & Kissel, Northfield, IL, for Blaise Messino.

be a fact scenario under which Plaintiffs may recover.

**1232**

Joseph R. Lopez, Chicago, IL, for Paul Messino.

Luis M. Galvan, Federal Defender Program, Chicago, IL, Jeffrey Urdangen, Chicago, IL, Dennis P.W. Johnson, Walter Jones, Jr., Jorge V. Cazares, Pugh, Jones & Johnson, P.C., Chicago, IL, for Thomas Hauck.

Edna Selan Epstein, Law Offices of Edna Selan Epstein, Chicago, IL, for Gray Chrystall.

Leland Edward Shalgos, Chicago, IL, for Daniel Shoemaker.

Steven Allen Greenberg, Steven A. Greenberg, Ltd., Chicago, IL, for Lawrence Thomas.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court are the government's motions for substitution of assets and entry of a preliminary order of forfeiture as to substituted assets, with respect to property of defendant Christopher Richard Messino ("Christopher Richard"); and for entry of final orders of forfeiture as to certain property unclaimed by third parties, with respect to property of defendants Christopher Richard and Clement Messino ("Clement") (collectively, "defendants").

Defendants objected to the entry of the government's proposed orders, contending that this court lacks jurisdiction to enter the orders because defendants' cases are on appeal to the Seventh Circuit. In its response to defendants' objections, the government agreed not to dispose of any of the substituted assets or forfeited property during the pendency of defendants' appeals. Based on this guarantee, Christopher Richard has withdrawn his objection to entry of a final order of forfeiture, but apparently has not withdrawn his objection to entry of the orders regarding substituted assets. Clement continues to object to entry of the final forfeiture order. For the reasons that follow, the court finds that it has jurisdiction to enter the orders sought by the government and grants the government's motions.

■ Generally, only one court has jurisdiction over a case at a time; thus, " '[a] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously.' " *Apostol v. Gallion,* 870 F.2d 1335, 1337 (7th Cir.1989) (quoting *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982)). This rule is not absolute, however. "The distribution of authority to decide depends on practical rather than formal considerations, and it is easy to imagine two courts having jurisdiction to proceed at once." *Apostol,* 870 F.2d at 1337. In fact, "this happens every day. District courts award costs and attorneys' fees while the courts of appeals consider the merits." *Id.* at 1337–38 (citing *Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988); *Buchanan v. Stanships, Inc.,* 485 U.S. 265, 108 S.Ct. 1130, 99 L.Ed.2d 289 (1988)).

■ Although the Seventh Circuit has not yet addressed the issue, the First Circuit has held that the district court has jurisdiction to decide a forfeiture matter even while the underlying criminal conviction is on appeal. *See United States v. Hurley,* 63 F.3d 1, 23–24 (1st Cir.1995). The *Hurley* court stated that "even after an appeal is filed, the district court retains authority to decide matters not inconsistent with the pendency of the appeal." *Id.* at 23 (citing *Spound v. Mohasco Indus., Inc.,* 534 F.2d 404, 411 (1st Cir.), *cert. denied,* 429 U.S. 886, 97 S.Ct. 238, 50 L.Ed.2d 167, *reh'g denied,* 429 U.S. 988, 97 S.Ct. 513, 50 L.Ed.2d 601 (1976)). For example, a district court may determine attorneys' fees after an appeal has been taken or act in aid of execution of a judgment that has been appealed but not stayed. *Hurley,* 63 F.3d at 23 (citations omitted). *See also Apostol,* 870 F.2d at 1337–38. The court found that substitution of assets orders fit within this general category. *Hurley,* 63 F.3d at 23.

The court concluded that it could see no reason why the taking of the appeal should divest the district court of authority to enter an order forfeiting substitute property. *Id.* It found that the district court's order would not "interfere with, or contradict, the court of appeals' consideration of the original judgment of conviction and sentence, including the initial forfeiture order." *Id.* at 23–24.

The court noted that if the substitute assets order gave rise to new issues of appeal, a new appeal could be taken directly from the order. *Id.* at 24. Similarly, if the appellate court's decision on the original conviction undermined the substitute assets order, as by overturning the conviction or initial forfeiture, the substitute assets order could be overturned or undone. *Id.*

While *Hurley* is not binding on this court, the court finds it persuasive. The court agrees with *Hurley* that orders regarding forfeiture are in the same category as awards of costs and attorneys' fees and actions taken by a court to aid execution of a judgment. *See Hurley,* 63 F.3d at 23. *See also Apostol,* 870 F.2d at 1337–38. As with these analogous acts, this court can decide the forfeiture matters while the appellate court considers the merits. *See Apostol,* 870 F.2d at 1337–38. The court also finds compelling the reasoning of *Hurley* that this court's exercise of authority over forfeiture decisions would not interfere with or contradict the appellate court's consideration of defendants' convictions and sentences. As *Hurley* noted, if the appellate court overturns the judgment, the order of forfeiture can be overturned as well. *Hurley,* 63 F.3d at 24. This is particularly true in the present case, where the government has guaranteed that it will not dispose of any forfeited property or substituted assets until the Seventh Circuit renders its decisions in defendants' appeals. Further, because the government has agreed to maintain the status quo regarding the assets, this court's entry of the orders sought by the government will have no real effect on the forfeited assets, and consequently is not inconsistent with the pendency of the appeal.

Moreover, the court agrees with the government that 21 U.S.C. § 853(h) impliedly supports that the district court has authority over forfeiture matters during the pendency of an appeal. That section provides:

> Upon application of a person, other than the defendant or a person acting in concert with him or on his behalf, the court may restrain or stay the sale or disposition of the property pending the conclusion of any appeal of the criminal case giving rise to the forfeiture, if the applicant demonstrates that proceeding with the sale or disposition of the property will result in irreparable injury, harm, or loss to him.

21 U.S.C.A. § 853(h) (1995 Supp.). According to this section, the district court clearly has the authority to decide whether to allow the government to dispose of forfeited property pending an appeal. The logical corollary is that the district court retains jurisdiction over forfeiture matters while an appeal is pending.

For the foregoing reasons, the court finds that it has jurisdiction to decide the government's motions regarding forfeiture, and grants the government's motions for substitution of assets and entry of a preliminary order of forfeiture as to substituted assets, with respect to property of defendant Christopher Richard Messino; for entry of a final order of forfeiture as to certain property unclaimed by third parties, with respect to property of Christopher Richard Messino; and for entry of a final order of forfeiture as to certain property unclaimed by third parties, with respect to property of Clement Messino.