Amy ANDRE, Plaintiff,

v.

Betty CASTOR, in her official and individual capacity, Harold Nixon, in his official and individual capacity, Paul A. Shideler, in his official and individual capacity, Henrietta Lange, in her official and individual capacity, Hans Resch, in his official and individual capacity, Eugene R. O'Casio, in his official and individual capacity, William F. Kelly, in his official and individual capacity, David P. Schenck, in his official and individual capacity, Julie K. Morris, in her official and individual capacity, Thomas J. Tighe, in his official capacity, and Gordon E. Michalson, Jr., in his official capacity, Defendants.

No. 97–42–CIV–T–17A.

United States District Court, M.D. Florida, Tampa Division.

May 7, 1997.

George Karl Rahdert, Rahdert & Anderson, St. Petersburg, Cynthia L. Hain, Rahdert, Anderson, McGowan & Steele, P.A., St. Petersburg, for Plaintiff.

Henry A. Gill, Jr., Thomas Edward Allison, Attorney General's Office, Dept. of Legal Affairs, Tampa, Henry Wallace Lavandera, University of South Florida, Office of the General Counsel, Tampa for Defendants.

### ORDER CERTIFYING DEFENDANTS' NOTICE OF APPEAL AS FRIVOLOUS

KOVACHEVICH, Chief Judge.

This cause comes before the Court on Plaintiff AMY ANDRE's Motion to Certify Defendants' Appeal As Frivolous and Manipulative and Motion to Bifurcate Issues for Trial (Docket No. 51), Defendants' Memorandum in Opposition (Docket No. 60), and Andre's Response to the Court's Expedited Order to Show Cause (Docket No. 58).

The plaintiff, AMY ANDRE, asks this Court to certify to the Court of Appeals that

the defendants' qualified immunity appeal is "frivolous." She argues that there is simply nothing for the defendants to appeal, in that the Court deferred ruling on the defense of qualified immunity until the record was more developed. The defendants contend that this Court lacks jurisdiction to make such a certification and, even if it had jurisdiction, the defendants have advanced a colorable claim of immunity.

The plaintiff's request is, apparently, one of first impression for both this district and this circuit. However, prior to the creation of the Eleventh Circuit, the United States Court of Appeals for the Fifth Circuit, sitting *en banc*, affirmed a district court's decision to proceed with a criminal trial after finding that the defendant's morning-of-trial motion to suppress evidence on the basis of double jeopardy to be "both frivolous and dilatory." *United States v. Dunbar*, 611 F.2d 985, 988 (5th Cir.), *cert. denied*, 447 U.S. 926, 100 S.Ct. 3022, 65 L.Ed.2d 1120 (1980). Based on this finding by the district court, the *Dunbar* court held that the defendant's notice of appeal from the denial of his double jeopardy motion failed to deprive the district court of its trial jurisdiction. *Id.* Furthermore, the Dunbar court directed all district courts to "make written findings determining whether [a double jeopardy] motion is frivolous or nonfrivolous. If the claim is found to be frivolous, the filing of a notice of appeal by the defendant shall not divest the district court of jurisdiction over the case. If nonfrivolous, of course, the trial cannot proceed until a determination is made of the merits of an appeal." *Id.* The court characterized this jurisdictional decision as a "product of reasoned choice" by the district court. *Id.* at 977.

At least one (1) other circuit has extended Dunbar to the civil immunity context, reasoning that its rationale is "freely transferrable" from double jeopardy to qualified immunity. In *Apostol v. Gallion*, 870 F.2d 1335 (7th Cir.1989) (Easterbrook, J.), the United States Court of Appeals for the Seventh Circuit concluded that a district court had the power to certify that a public official's inter-

locutory appeal of a denial of a claim to qualified immunity was frivolous or taken for purposes of delay. As an example of a "baseless" notice of appeal, the *Apostol* court stated that "[p]erhaps the district judge has not finally resolved the question of immunity[.]" *Id.* at 1339.

The Supreme Court of the United States has also noted that several circuits have embraced the practice of enabling district courts to certify an immunity appeal as frivolous and to "retain jurisdiction pending summary disposition of the appeal...." *Behrens v. Pelletier*, —— U.S. ——, ——, 116 S.Ct. 834, 841, 133 L.Ed.2d 773, 786 (1996). Although the Court specifically listed the Seventh Circuit (*Apostol*) as an example of these circuits, it did not list either the Fifth or the Eleventh Circuits.

■ This Court concludes that, contrary to the defendants' argument, it has power to certify as "frivolous" and "for purposes of delay" a notice of appeal based on qualified immunity. The Court is persuaded by the Seventh Circuit's application of the Fifth Circuit's *en banc* decision in *Dunbar*. The fact that the Eleventh Circuit has adopted rules to weed out frivolous appeals is not inconsistent with this conclusion; these procedures serve as a double check on the district court's "reasoned choice."

■ Having made this conclusion, the Court finds that the defendants' notice of appeal is, in fact, frivolous and made for purposes of delay. The challenged order (Docket No. 42) clearly and unambiguously stated that this Court was *deferring* a ruling on the issue of qualified immunity (p.15). There is absolutely no discussion on the merits of the defendants' claims to qualified immunity. In fact, the Court's order looks exactly like the "frivolous" example cited by the *Apostol* court, in that the undersigned "has not finally resolved the question of immunity." 870 F.2d at 1339.

Therefore, the only arguable basis for the defendants' appeal is the Court's decision to defer, rather than rule, on the issue of qualified immunity.[1] A decision to defer ruling is,

---

1. The Court rejects the defendants' hollow argument that this Court's conclusions on whether certain portions of the plaintiff's allegations satisfies the heightened pleading standard serve as a

by definition, not "final," "conclusive," or "important." *Johnson v. Jones,* 515 U.S. 304, ——, 115 S.Ct. 2151, 2152, 132 L.Ed.2d 238, 245 (1995) (requiring interlocutory appeals to be from orders that: "[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment"). As such, the Court finds no arguable basis in law or fact for the defendants' notice of appeal from its order.

Rather, the only plausible motivation behind the notice of appeal is delay. The stated basis of the Court's decision to defer ruling was the defendants' representation in open court that they would soon be filing a motion for summary judgment on the defense of qualified immunity. As the plaintiff correctly points out, all discovery in this expedited case was to end by late April, 1997, approximately one (1) month from the date of the order on the motion to dismiss. Therefore, if the defendants had not filed a notice of appeal, this Court would have likely decided the qualified immunity issue—and perhaps the entire case—by now. Instead, the interlocutory appeal has pushed the final judgment of this case past the point of the plaintiff's May 23, 1997, graduation from college, causing at least one (1) of her asserted counts to become moot.

Even if the defendants were to convince the circuit court that this Court erred in its decision to defer ruling on whether the complaint alleges a violation of clearly established law, the appellate remedy would be a remand to this Court with directions to rule on the issue. The Eleventh Circuit would lack jurisdiction to render an original order on the merits of the defendants' claim to immunity. *See Stone v. Peacock,* 968 F.2d 1163, 1166 (11th Cir.1992); *Committee for the First Amendment v. Campbell,* 962 F.2d 1517, 1527 (10th Cir.1992). The defendants' interlocutory appeal, even if successful, will only buy them time (and expense), not a favorable outcome on the merits of their claims to qualified immunity. Absent settlement or stipulation, the defendants' claims

will ultimately have to be decided by this Court (in the first instance).

Having certified that the defendants' notice of appeal is frivolous, the Court orders the parties to continue discovery in this case (including discovery related to count three (3)) during the pendency of appeal. Dispositive motions and trial, however, will be stayed pending resolution of the appeal. The Court makes this "reasoned choice" in light of the following factors:

(1) The Court has declared the defendants' notice of appeal, not their claims to qualified immunity, to be frivolous. The Court has not, and will not, comment on the merits of such claims until they are properly presented.

(2) The preliminary injunction continues to prohibit the defendants from taking administrative action against the plaintiff based on the October incident. The defendants also represent to the Court that they will never take any disciplinary action against the plaintiff, regardless of the ultimate outcome of this case. With regard to the plaintiff's concern about documents within the defendants' possession tainting her academic career, the Court notes that the preliminary injunction is broad enough to prevent the defendants from using documents related to the October incident in any adverse manner, such as disclosing them to graduate school officials.

(3) The plaintiff has less than three (3) weeks left at New College. Therefore, any alleged chilling effect the defendants might have on the plaintiff's freedom of expression is *de minimis.* The Court also takes judicial notice that the plaintiff is likely to be preoccupied with final exams during much of this time.

(4) To say the least, there are numerous other pending cases, both criminal and civil, that must be tried in May, 1997. The plaintiff has not convinced this Court that her case should be set on the trial calendar ahead of these older civil and/or speedy trial-sensitive criminal cases.

colorable basis for their notice of appeal. Neither of the two (2) authorities cited by the defen-

dants (Docket No. 60, p. 8) even discuss this issue.

(5) Allowing discovery to continue in the district court during the pendency of appeal will minimize the delay caused by the defendants' frivolous notice of appeal without compromising the efficiency of trying this case at one time.

Accordingly, it is

**ORDERED** that the plaintiff's Motion to Certify Defendants' Appeal as Frivolous and Manipulative (Docket No. 51, part 1) be **GRANTED IN PART**, in that: (1) the Court certifies the defendants' notice of appeal (Docket No. 45) as **FRIVOLOUS AND MADE FOR PURPOSES OF DELAY,** and (2) discovery in this case will continue during the pendency of appeal, and **DENIED IN PART**, in that both dispositive motion(s) and trial be stayed pending resolution of the interlocutory appeal; the plaintiff's Motion to Bifurcate Issues for Trial (Docket No. 51, part 2) be **DENIED;** and the clerk of this court shall send a certified copy of this order to the clerk of the circuit court so that the panel assigned to appeal number 97–2396 can give this order whatever consideration they deem appropriate; and the parties have ten (10) days from the date of this order to **FILE** an amended case management report, which shall include new discovery deadlines.

**DONE AND ORDERED.**