**Joseph RUFFINO and Randall A. Noble, Plaintiffs,**

v.

**Michael SHEAHAN, individually and in his official capacity as Sheriff of Cook County, Illinois, et al., Defendants.**

No. 96 C 2234.

United States District Court, N.D. Illinois, Eastern Division.

Aug. 10, 1999.

Charmaine Elizabeth Dwyer, Chicago, IL, for Joseph Ruffino, Randall A Noble.

Thomas Vincent Lyons, Cook County State's Attorney, Chicago, IL, James J. Ryan, Cook County Sheriff's Department, Chicago, IL, for Michael Sheahan, Joseph P Kelly, David Mullany, Silverio Flores.

## MEMORANDUM OPINION AND ORDER

LINDBERG, District Judge.

■ In response to this court's denial of defendant Michael Sheahan's defense of qualified immunity, which the court reiterated in an opinion issued yesterday, August 5, 1999,[1] Sheahan has filed an emergency motion to stay the trial in this case, which, after three years of extraordinarily contentious discovery and numerous ethically questionable and evasive maneuvers on the part of defense counsel, is scheduled to begin Monday, August 9, at 9:00 a.m. Because the court finds that 1) the qualified immunity defense Sheahan seeks to appeal is based on disputed factual issues; 2) the benefits of a qualified immunity defense that Sheahan insists he is due, namely the prevention of the "disrupt[ion] of effective government," are null and void at this late date in this prolonged proceeding; and 3) the qualified immunity defense Sheahan has presented is legally frivolous, the court denies the motion for a stay.

■ An appellate court may review interlocutory appeals based on a denial of qualified immunity in the district court, even before judgment is entered. *Omdahl v. Lindholm,* 170 F.3d 730, 732 (7th Cir. 1999) Its jurisdiction, however, is "limited to cases involving questions of law." *Id.* (citing *Mitchell v. Forsyth,* 472 U.S. 511, 526–30, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)).

Defendant contends that he is entitled to qualified immunity because "the law is clear that if Defendant Sheahan had no knowledge of Plaintiffs' political affiliation, then there is no factual dispute and the question of law must be determined by the appellate court." This completely ignores the court's ruling that a "factual dispute exists as to Sheahan's knowledge, actions

---

1. The court's ruling was in response to another emergency motion Sheahan filed requesting a written opinion on the denial of the defense of qualified immunity in the motion for summary judgment. This was the court's second denial of a motion based on the qualified immunity defense, the first was in the denial of Sheahan's motion to dismiss Count I, which the court ruled on in January 1997.

and intent concerning the dedeputization of the plaintiffs and as to whether a legitimate, nonpolitical reason for the dedeputizations existed." Opinion on Motion for Ruling on Issue of Qualified Immunity at 1 ("opinion on qualified immunity"). The question of law Sheahan claims it is appealing, then, is based on contested and material facts and, according to defendant's own reasoning, is therefore not a proper issue for appeal. To the extent that Sheahan is appealing any issue of law that presumes his intent is undisputed, the Seventh Circuit has no jurisdiction because "questions of fact remain unresolved." *Id.*

More astounding to the court is Sheahan's contention that he is entitled to a stay to "avoid the very harm identified by the United States Supreme Court" of distraction from his duties that could be caused by "stand(ing) trial or fac(ing) the other burdens of litigation." *Mitchell v. Forsyth,* 472 U.S. at 526, 105 S.Ct. 2806. Plaintiffs filed this case more than three years ago. At this point in this protracted litigation, all that remains is the relatively short trial. Extensive document production is complete, numerous depositions—including Sheahan's—have been taken, lengthy motions for summary judgment have been briefed, and the final pretrial order completed. Most of the claims against Sheahan have already been investigated, briefed and dismissed. During this time, defendant's counsel has apparently been more interested in dilatory litigation tactics than in presenting an adequate defense of qualified immunity as to Count I. Some of the antics the court has witnessed include repeated failures to respond to discovery requests followed by attempts to overwhelm plaintiffs' counsel with the records of 1,600 Sheriff's Office employees. It has also encountered the unprecedented accusation from Charmaine Dwyer, plaintiffs' counsel, that Thomas Swain, an investigator for the Sheriff's Office, was questioning witnesses about Dwyer's personal relationships. The court ordered Swain to appear before it to respond to these accusations, which Swain freely admitted al-though he provided no satisfactory explanation for his behavior (as indeed none could exist). These tactics have led to horrendous wrangling between the parties and unnecessarily increased the time and effort spent on this matter.

Such behavior on the part of counsel and other employees in the Sheriff's Office has both shocked and disappointed this court. Now that defendant's motion for summary judgment has failed on the merits, it appears that he is attempting to revive the argument as to qualified immunity that was previously presented only in a somewhat inarticulate manner.

The defense of qualified immunity was first raised in the motion to dismiss. As indicated in the court's opinion on qualified immunity, in the motion to dismiss defendant claimed that plaintiffs should be subjected to a higher pleading standard because this was a suit against the defendants in their individual capacities. Transcript of Proceedings on January 24, 1997, p. 3, 8. The court denied the motion as to Count I, finding that the allegations as pled in the complaint provided "more than adequate detail to inform defendant Sheahan of what actions are alleged to have violated plaintiffs' First Amendment rights." Transcript at 25.

■ Qualified immunity is a defense that can be raised repeatedly throughout the litigation of a case. *See, e.g., Rakovich v. Wade,* 850 F.2d 1180, 1204 (7th Cir.1988) (*en banc*). In the motion for summary judgment, defendant did raise the defense as to the First Amendment claim in Count I. The reasons for the court's denial of qualified immunity are clearly stated in its court's opinion on qualified immunity. The court's ruling prompted defendant's appeal to the Seventh Circuit and the instant emergency motion for a stay of these proceedings.

■ Fortunately, the generally automatic stay that results from the appeal of a denial of qualified immunity may be de-

nied when the legal issue the defendant has raised is "frivolous." *Apostol v. Gallion,* 870 F.2d 1335, 1339 (7th Cir.1989). "Courts are not helpless in the face of manipulation." *Id.* "If the claim of immunity is a sham, however, the notice of appeal does not transfer jurisdiction to the court of appeals, and so does not stop the district court in its tracks." *Id.* In such a case, the baselessness of the appeal "does not invoke appellate jurisdiction." *Id.* (citing *Richardson v. United States,* 468 U.S. 317, 322, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984)).

The court finds that this is just such an extreme and unusual case. As to the merits of the legal issue defendant raises, the court finds that defendant's position is so unsupportable that his appeal to the Seventh Circuit can only be another dilatory tactic to avoid bringing this matter to trial. Defendant persists in the unsupportable legal argument that a First Amendment claim requires the denial or loss of a "property interest" such as that required to establish a Fourteenth Amendment procedural due process claim. The court has cited numerous cases holding otherwise. The only case defendant cites in the instant motion to support its claim on the merits is a district court case involving a "deprivation of a property interest protect by the due process clause of the Fourteenth Amendment." *Smith v. Edwards,* 1999 WL 199608 (N.D.Ill.). As such, it is entirely inapplicable to Count I of this action, which involves an alleged First Amendment violation.

For these reasons, defendant's emergency motion for a stay of these proceedings is denied.