**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 21 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ERNEST MEDINA,

      Plaintiff - Appellant,

v.

RALPH BRUNING, Police Officer for
the City of Colorado Springs, in his
individual capacity; CITY OF
COLORADO SPRINGS, a
municipality; LOREN KRAMER,
Chief of Police for the City of
Colorado Springs Police Department,
in his official capacity,

      Defendants - Appellees.

No. 02-1274
(D.C. No. 98-WY-1264-CB (OES))
(D. Colorado)

---

## ORDER AND JUDGMENT[*]

---

Before **SEYMOUR**, **LUCERO**, and **HARTZ**, Circuit Judges.

Ernest Medina appeals the district court's grant of summary judgment to

defendants in his 42 U.S.C. § 1983 case alleging excessive force by police

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

officers. Mr. Medina argues first that defendant Officer Bruning waived his qualified immunity defense by failing to pursue an interlocutory appeal on the issue, and second that if Officer Bruning is not entitled to qualified immunity, there was a constitutional violation such that summary judgment was not proper as to defendants City of Colorado Springs ("City") and Chief Loren Kramer. We affirm.

Defendants filed motions for summary judgment which were originally denied. Individual Defendants, Officers Cram and Bruning, filed an interlocutory appeal, contending the district court erred in denying them qualified immunity. While the appeals were pending, Officer Bruning died. His appeal was dismissed when his estate refused to file a substitution of parties. Officer Cram won his appeal, *see Medina v. Cram*, 252 F.3d 1124 (10th Cir. 2001), and the district court entered judgment in his favor on remand. The case now before us relates to the renewed motions for summary judgment filed by Defendants Bruning, Kramer, and the City, which the district court granted. We review a grant of summary judgment de novo. *DeSpain v. Uphoff*, 264 F.3d 965, 971 (10th Cir. 2001).

Mr. Medina argues that Officer Bruning waived his right to assert qualified immunity when his estate failed to pursue his interlocutory appeal on the issue. Having appropriately pleaded the affirmative defense of qualified immunity, however, Officer Bruning was entitled to "establish his right to immunity at any

point in the proceeding, including at trial." *Guffey v. Wyatt*, 18 F.3d 869, 873 (10th Cir. 1994) (citation omitted). We noted in *Guffey* a Seventh Circuit opinion that is even more explicit in holding that a defendant who chooses not to take an interlocutory appeal does not lose the right to raise qualified immunity on direct appeal following trial. *Id.* (citing *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989)); *see also Quezada v. County of Bernalillo*, 944 F.2d 710, 718 (10th Cir. 1991) (holding unsuccessful attempt to prove qualified immunity before trial does not preclude reassertion at or after trial), *overruled on other grounds by Saucier v. Katz*, 533 U.S. 194 (2001). We hold that Officer Bruning's right to assert qualified immunity was not waived when his interlocutory appeal on the issue was dismissed.

Mr. Medina contends that the City and Chief Kramer are liable for failing to adequately train and supervise the officers and for maintaining policies and customs that tolerate excessive use of force, so that if Officer Bruning waived his right to assert qualified immunity or otherwise violated Mr. Medina's constitutional rights so as to defeat qualified immunity, summary judgment should not have been entered as to the City or Chief Kramer. Mr. Medina concedes, however, that if the officers did not violate his constitutional rights, the City and Chief Kramer cannot be held liable. We have already determined that Officer Bruning's right to assert qualified immunity was not waived. A panel of this

court has previously found the actions of Officer Cram to be objectively reasonable. *See Medina*, 252 F.3d at 1132. The district court stated that Officer Bruning's actions were "almost identical" to those of Officer Cram. *See* Aplt. App. at 11 n.1. Mr. Medina does not dispute that conclusion on appeal. Because neither Officer Bruning nor Officer Cram violated Mr. Medina's constitutional rights, the district court appropriately granted summary judgment for the City and Chief Kramer. *See Trigalet v. City of Tulsa*, 239 F.3d 1150, 1155-56 (10th Cir. 2001).

Accordingly, we **AFFIRM**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge