UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 2007

Heard: October 1, 2007          Decided: October 5, 2007)

Docket No. 06-5324-cv

- - - - - - - - - - - - - - - - - - - - - - - - - -

In re: WORLD TRADE CENTER DISASTER SITE
       LITIGATION
- - - - - - - - - - - - - - - - - - - - - - - - - -
WILLIAM D. McCUE, ET AL.,
          Plaintiffs-Appellees,

THOMAS HICKEY, ET AL.,
          Non-Respiratory Injured
          Plaintiffs-Appellees,

                      v.

THE CITY OF NEW YORK, THE PORT AUTHORITY
OF NEW YORK AND NEW JERSEY, ET AL.,
          Defendants-Appellants.
- - - - - - - - - - - - - - - - - - - - - - - - - -

Before: NEWMAN, SOTOMAYOR and WESLEY, Circuit Judges.

Motion to vacate the stay of District Court proceedings, issued
by this Court on March 9, 2007, in connection with an interlocutory
appeal from the October 18, 2006, Order of the United States District
Court for the Southern District of New York (Alvin K. Hellerstein,
District Judge), denying motions for judgment on the pleadings and

summary judgment in suits by workers claiming injuries at the ground zero site of the World Trade Center disaster and related sites.

Motion granted, stay vacated, District Court's jurisdiction for pretrial proceedings and trial restored, and appellate jurisdiction retained to decide the interlocutory appeal.

James E. Tyrrell, Jr., New York, N.Y. (Joseph E. Hopkins, James O. Copley, Jason W. Rockwell, Justin S. Strochlic, Jonathan M. Peck, Patton Boggs LLP, on the brief), for Defendants-Appellants The City of New York and its Contractors.

Richard A. Williamson, New York, N.Y. (M. Bradford Stein, Thomas A. Egan, Flemming Zulack Williamson Zauderer LLP, New York, N.Y., on the brief), for Defendant-Appellant The Port Authority of New York and New Jersey.

Kevin K. Russell, Washington, D.C. (Amy Howe, Howe & Russell, P.C., Washington, D.C.; Paul J. Napoli, William H. Groner, Denise A. Rubin, William J. Dubanevich, Christopher R. LoPalo, W. Steven Berman, Worby Groner Edelman & Napoli Bern, LLP, New York, N.Y., on the brief), for Plaintiffs-Appellees.

Brian J. Shoot, New York, N.Y. (Frank V. Floriani, Andrew J. Carboy, Susan M. Jaffe, Wendell Y. Tong, Sullivan Papain Block McGrath & Cannavo, New York, N.Y., on the brief), for Plaintiffs-Appellees.

Marion S. Mishkin, New York, N.Y., for Plaintiffs-Appellees John Montalvo and Darlene Montalvo, on behalf of the Non-Respiratory Injured Plaintiffs-Appellees.

(Peter G. Verniero, Philip S. White, James M. Hirschhorn, David W. Kiefer, Sills Cummis Epstein & Gross, PC, New York, N.Y., for amici curiae Construction Industry, AIA New York State, Inc., et al., in support of Defendants-Appellants.)

(John C. Gillespie, Parker McCay P.A., Marlton, N.J., for amicus curiae International Municipal Lawyers Association, in support of Defendants-Appellants.)

(Eric F. Leon, Lee Ann Stevenson, Andrew R. Dunlap, Patrick F. Philbin, Kirkland & Ellis LLP, New York, N.Y., for amicus curiae Verizon New York Inc., in support of Defendants-Appellants.)

(Cheryl A. Harris, Harris & Miranda, LLP, New York, N.Y., for amicus curiae Certain Members of the United States Congress, in support of Plaintiffs-Appellees.)

(Edward J. Groarke, Stephanie Suarez, Michael D. Bosso, Colleran, O'Hara & Mills, LLP, Garden City, N.Y., for amici curiae New York State AFL-CIO and Building and Construction Trades Council of Greater New York, in support of Plaintiffs-Appellees.)

(Larry Cary, Cary Kane LLP, New York, N.Y., for amicus curiae New York Committee for Occupational Safety and Health, in support of Plaintiffs-Appellees.)

JON O. NEWMAN, Circuit Judge.

Pending before us is a motion to vacate this Court's stay of District Court proceedings in litigation brought by workers at the

-3-

ground zero site of the World Trade Center disaster and related sites against the City of New York, the Port Authority of New York and New Jersey, and several private contractors. The stay was entered pending an interlocutory appeal from an order of the District Court for the Southern District of New York (Alvin K. Hellerstein, District Judge) denying motions for judgment on the pleadings and for summary judgment. See In re World Trade Center Disaster Site Litigation, 456 F. Supp. 2d 520 (S.D.N.Y. 2006). Alleging immunity from suit, the Defendants have endeavored to pursue an interlocutory appeal, invoking the collateral order doctrine. See Mitchell v. Forsyth, 472 U.S. 511, 526-27 (1985) (interlocutory appeal of denial of qualified immunity).

Procedural steps. The procedural steps taken in both the District Court and this Court need to be set forth to illuminate all that is at issue upon what appears initially to be only a motion to vacate a stay pending appeal. After Judge Hellerstein issued his ruling denying the Defendants' motions for judgment on the pleadings and for summary judgment, the Defendants asked him to certify his rulings for immediate appeal under 28 U.S.C. § 1292(b). See In re World Trade Center Disaster Site Litigation, 469 F. Supp. 2d 134, 137 (S.D.N.Y. 2007). The next day the Defendants filed notice of their interlocutory appeal and informed the District Court that they

-4-

believed that their notice of appeal divested the District Court of jurisdiction to proceed. Judge Hellerstein responded that the notice of appeal did not divest the District Court of jurisdiction because the arguments for an immediate appeal "border[] on frivolous." Id. at 140. The Judge then denied the request for section 1292(b) certification, concluding that the immunity defenses could not be adjudicated without a more fully developed record and that "delay would be unconscionable, given the intense public interest in reaching an expeditious resolution to this litigation." See id. at 144-45.

The Defendants petitioned this Court for a writ of mandamus to halt proceedings in the District Court and also moved for a stay of those proceedings. The Plaintiffs countered with a motion to dismiss the appeal. On January 22, 2007, an applications judge granted a temporary stay pending panel consideration of the stay motion. On March 9, 2007, a motions panel granted a stay of the trial and pretrial proceedings, denied the petition for mandamus as moot, referred the motion to dismiss to the merits panel, and expedited the appeal. The appeal was argued on October 1, 2007, at the conclusion of which the Appellees moved to vacate the stay.

## Discussion

The Appellees' motion to vacate the stay is inextricably

intertwined with the issue of whether the Appellants' notice of appeal from the denial of their motions for judgment on the pleadings and summary judgment on grounds of immunity from suit divested the District Court of jurisdiction to proceed with the litigation. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal . . . divests the district court of its control over those aspects of the case involved in the appeal."); Apostol v. Gallion, 870 F.2d 1335, 1338 (7th Cir. 1989) ("It follows that a proper Forsyth appeal divests the district court of jurisdiction (that is, authority) to require the appealing defendants to appear for trial."); cf. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."). If District Court jurisdiction was divested, our stay was superfluous, and if we were to vacate the stay, that action would accomplish nothing unless we were also at least partially to restore the District Court's jurisdiction. Hence we will consider both whether to vacate the stay and whether to restore the District Court's jurisdiction, issues that involve similar if not identical considerations in the circumstances of this case.

The four factors to be considered in issuing a stay pending appeal are well known: "(1) whether the stay applicant has made a

-6-

strong showing that he is likely to succeed on the merits;[1] (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987); see Cooper v. Town of East Hampton, 83 F.3d 31, 36 (2d Cir. 1996). We have applied these same factors in considering whether to vacate a stay. See Mohammed v. Reno, 309 F.3d 95, 100 (2d Cir. 2002). We have also noted that the degree to which a factor must be present varies with the strength of the other factors, meaning that "'more of one [factor] excuses less of the other.'" Thapa v. Gonzales, 460 F.3d 323, 334 (2d Cir. 2006) (quoting Mohammed, 309 F.3d at 101).

Having heard the interlocutory appeal after full briefing, we are in a position to evaluate the Appellants' probability of success in a more focused way than could the motions panel. Although we are not prepared at this time to resolve all of the many issues arising on the merits of the appeal, we can conclude that there is now a lesser probability than might have previously appeared that the Appellants

---

[1]We have noted the various formulations courts have used to describe the degree of the showing of success that the applicant must present. See Mohammed v. Reno, 309 F.3d 95, 100-01 (2d Cir. 2002).

-7-

will succeed in preventing at least some of the Plaintiffs' claims to proceed into at least the discovery stage of the litigation.

The second factor--irreparable injury to the stay applicants--remains the same as before: any proceedings in the District Court pending appeal will irreparably impair, at least to some extent, their alleged claim to immunity from suit. The third factor--substantial injury to the parties opposing the stay--has increased in significance with the passage of time since among the Plaintiffs are many people with life-threatening injuries, some of whom have died since the litigation began.

This effect of the passage of time upon the Plaintiffs' interests also has a bearing on the public interest, which is to be considered as the fourth factor, although there are public interest considerations on both sides. On the one hand, there is a public interest in having any of the Plaintiffs who might be entitled to recovery receive compensation while still living and able to use it to cover medical costs and improve the quality of their lives. On the other hand, there is a public interest in vindicating the immunity of any of the Defendants who might be entitled to immunity from suit. At this point, we cannot predict whether any Plaintiffs will ultimately obtain compensation if immunity from suit is not available to the

Defendants, nor are we prepared to adjudicate the jurisdictional challenges and immunity claims without a thorough consideration of the substantial issues presented to us. Nevertheless, a decision whether to maintain the stay must be made. On balance, we conclude that the public interest favors permitting pretrial proceedings to resume, thereby hastening the trial that might result in compensation for at least some Plaintiffs during their lifetimes, even though that course will impose upon the Defendants the burdens of pretrial discovery, thereby denying them immunity from suit during the interval from now until such time as it might ultimately be determined that their claims for immunity from suit are valid.

## Conclusion

Accordingly, we vacate the stay of proceedings in the District Court and, while retaining jurisdiction to decide the pending appeal including the motion to dismiss, remand the litigation to the District Court, thereby restoring its jurisdiction to proceed with pretrial proceedings and a trial. The mandate shall issue forthwith.