Jacqueline ABEL, et al.,
Plaintiffs–Appellees,

v.

Harold MILLER, et al.,
Defendants–Appellants.

No. 89–3086.

United States Court of Appeals,
Seventh Circuit.

Submitted April 24, 1990.

Decided June 13, 1990.

---

James B. Roberts, Southern Illinois University, School of Law, Carbondale, Ill., Jan Susler, Michael E. Deutsch, and Charles W. Hoffman, Peoples Law Office, Chicago, Ill., for plaintiffs-appellees.

Richard H. Lloyd, Asst. U.S. Atty., Office of the U.S. Atty., East St. Louis, Ill., Martin C. Carlson, and Beneva Weintraub, Dept. of Justice, Gen. Litigation/Legal Advice Section, Washington, D.C., for defendants-appellants.

Before EASTERBROOK and RIPPLE, Circuit Judges, and GRANT, Senior District Judge.[*]

EASTERBROOK, Circuit Judge.

Pending for almost a decade, this case dealing with the response to a prisoners' "strike" at the Marion federal prison in 1980 is on its third appeal. After the district judge refused to require the warden to allow counsel to meet with the prisoners, we reversed in an unpublished order and directed the entry of an injunction. A jury trial was held in 1984. The jury awarded damages to four persons who had been excluded from the prison during the disturbances. On the second appeal we vacated the awards, concluding that for the most part the defendants are entitled to qualified immunity. 824 F.2d 1522 (7th Cir.1987). One claim survived: the contention that the defendants retaliated against counsel for speaking in public about conditions at Marion and initiating litigation. *Id.* at 1534–36. We remanded "for a new trial on the attorneys' and paralegal's retaliation claims", *id.* at 1537 (footnote omitted). The panel withheld decision on the defendants' petition for rehearing until the court decided

*Rakovich v. Wade,* 850 F.2d 1180 (7th Cir. 1988) (en banc). We then unanimously denied the petition, one judge issuing a brief explanation, 849 F.2d 1018 (1988).

Back in the district court, defendants filed a motion for summary judgment on immunity grounds. The district judge denied the motion on the basis of the law of the case. Although *Rakovich* holds, among other things, that immunity is a question of law for the court, 850 F.2d at 1201–02, the district judge wrote that because the defendants' entitlement to immunity depends on the resolution of factual disputes, it "can be determined only by the trier of fact, the jury." Defendants took this appeal to contend either that *Rakovich* overruled the panel's opinion and entitles them to immunity as a matter of law or that the panel's opinion read in light of *Rakovich* requires decision in their favor. We directed the parties to file memoranda on the question whether *Mitchell v. Forsyth,* 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), authorizes an appeal in such circumstances. We now hold that it does not and dismiss the appeal for want of jurisdiction.

This case, like *Rakovich,* may involve action on the basis of both lawful and unlawful motives. We held in 1987 that action supported by a retaliatory motive was clearly unlawful in 1980. The opinion concurring in the denial of rehearing invited the defendants to adduce evidence concerning their motives, implying that immunity might be available notwithstanding a "bad" motive if one or more "good" motives would have supported the same decision. *Rakovich* accepted an argument along these lines, 850 F.2d at 1209–14, a possibility the panel did not consider in 1987 because the defendants had not made such an argument. Instead of putting additional evidence before the district court, the defendants contend that they are entitled to judgment forthwith.

*Mitchell* does not contemplate sequential appeals. The jurisdictional basis for appeal is 28 U.S.C. § 1291, which authorizes appel-

---

[*] Hon. Robert A. Grant, of the Northern District of Indiana, sitting by designation.

late review of "final decision[s]". Because official immunity entails a "right not to be tried", the Court held, an order sending the case on to trial "finally" disposes of that independent entitlement, which permits an immediate appeal. Three years ago, we considered whether defendants have a "right not to be tried" on the current record. We held that with respect to the claim of retaliation, they lack such an entitlement. Although defendants now insist that our decision was mistaken, the fact remains that their entitlements have been fully adjudicated by this court. *Mitchell* does not support a second appeal to argue that the decision on the first appeal is wrong.

Unless courts of appeals are careful, appeals on the authority of *Mitchell* could ossify civil rights litigation. Defendants may defeat just claims by making suit unbearably expensive or indefinitely putting off the trial. A sequence of pre-trial appeals not only delays the resolution but increases the plaintiffs' costs, so that some will abandon their cases even though they may be entitled to prevail. See *Apostol v. Gallion*, 870 F.2d 1335 (7th Cir.1989). Although it is important to protect public officials from frivolous claims and burdens of trials, it is also important to curtail the outlay and delay of litigation, so that victims of official misconduct may receive the vindication that is their due. A single pretrial appeal is a sound accommodation of competing interests; multiple appeals are not.

We could not find any case resolving the question whether there may be sequential appeals. *Kennedy v. Cleveland*, 797 F.2d 297 (6th Cir.1986), implies that the defendants may have one appeal at the pleading stage and a second on summary judgment—the first to argue absolute immunity, the second to take up qualified immunity as a matter of law. Accord, *Murphy v. Morris*, 849 F.2d 1101, 1103–04 (8th Cir. 1988). *Kaiter v. Boxford*, 836 F.2d 704 (1st Cir.1988), holds to the contrary that claims of absolute and qualified immunity may produce only one appeal between them, so that a defendant whose qualified immunity defense remains under advise-

ment may not immediately appeal the denial of absolute immunity. We need not choose between these positions, for the First and Sixth Circuits assume that there may be only one appeal on the subject of qualified immunity. As the Sixth Circuit said in *Sinclair v. Schriber*, 834 F.2d 103, 105 (1987), when holding that an order allowing discovery to produce a record sufficient to allow decision on a motion for summary judgment is not independently appealable: "*Forsyth* . . . did not contemplate . . . that plaintiffs might be subjected to an endless number of successive appeals before trial." See also *Unwin v. Campbell*, 863 F.2d 124, 132 n. 5 (1st Cir.1988). Despite these assumptions, no court has expressly held that one appeal on the question whether there is a "right not to be tried" is the maximum.

Paucity of precedent on this question must reflect the forbearance of public officials rather than the lack of opportunity. Consider the many occasions that might produce multiple appeals. (1) After an order denying immunity has been affirmed, the defendant may take a second appeal to argue that the court of appeals was wrong, whether because the law has changed in the interim (the argument here) or because the panel blundered under prior law. (2) After the decision on the first appeal, the defendant adduces some additional evidence and moves for summary judgment on the enlarged record, taking an appeal when the motion is denied. This process could continue indefinitely. See *Green v. Carlson*, 826 F.2d 647, 650–51 (7th Cir. 1987), holding that on a pretrial appeal the court of appeals will examine the plaintiff's legal theories in the context of the evidence. (3) After the decision on the first appeal decides adversely to defendant a theory of immunity based on one line of cases, the defendant tries a second legal theory and appeals the adverse decision. A party with five theories in support of summary judgment need not use all of them the first time on pain of forfeiture. *Titran v. Ackman*, 893 F.2d 145, 148 (7th Cir. 1990); *Malhotra v. Cotter & Co.*, 885 F.2d 1305, 1310 (7th Cir.1989). Sequential pre-

**397**

sentation of legal theories could produce as many appeals as there are theories—more, if the defendant takes more than one appeal per theory in order to contest earlier appellate decisions.

Allowing sequential appeals in the second (new facts) and third (new legal theories) categories would give defendants potent weapons for delay. Those who wish pretrial resolution therefore must marshal their facts and arguments for a single appeal. *Green,* 826 F.2d at 651 n. 3, expressed concern that examining the evidence when evaluating a claim of immunity inevitably would lead to multiple appeals. *Green* did not involve multiple appeals (there were sequential motions for summary judgment but only one appeal). Conceding the importance of the evidence to the evaluation of a claim of immunity does not in the end imply the propriety of successive appeals.

The first category (change in law) seems to present the best case for a fresh appeal, because it cannot be used as a weapon by a defendant intent on wearing down his adversary. An effort to distinguish changes of law from new legal theories breaks down quickly, however, as this case illustrates. Did *Rakovich* change the law (as the defendants maintain) or simply illustrate a legal theory that the defendants had not fully developed before the first appeal? What is a "change" in law, anyway? Opinions may differ in emphasis without altering the law. *Rakovich* did not overrule the panel's opinion in this case but rather cited it favorably, 850 F.2d at 1209. The panel unanimously denied the petition for rehearing *after* the decision in *Rakovich.* Every year this court decides two dozen or more official immunity cases in published opinions, and the Supreme Court decides one or two. If each of these decisions potentially allows a new appeal in the entire stock of pending cases raising related questions, litigation would be interminable—at least, defendants could choose to make it so.

Tension between finality and the urge to reach "better" decisions pervades litigation. The final decision rule, principles of issue and claim preclusion, the doctrine of the law of the case, the limits on collateral attack of criminal judgments, these and more reflect practical accommodations of competing interests. *Mitchell v. Forsyth* was one such accommodation. One full and fair appellate review on the question "shall there be a trial?" is sufficient. Immunity has of course two parts: the right not to be tried, and the right not to pay damages. This second and more important part may be vindicated on appeal following a verdict, even if the court of appeals may speak "only" one time before trial. *Kurowski v. Krajewski,* 848 F.2d 767, 772–73 (7th Cir.1988). Because defendants have received a decision from this court on the very question they now present, we dismiss the appeal for want of jurisdiction.