**Cory D. CHAN, Plaintiff–Appellee,**

v.

**Edward S. WODNICKI, Defendant–Appellant.**

**No. 95–2730.**

United States Court of Appeals, Seventh Circuit.

Submitted July 21, 1995.

Decided Sept. 29, 1995.

Rehearing Denied Nov. 15, 1995.

Susan Bogart, Chicago, IL, Ruth E. VanDemark, Ralph N. Glader, Chicago, IL, for Cory D. Chan.

Lawrence Rosenthal, Deputy County Counsel, Benna R. Solomon, Susan S. Sher, Office of the Corporation Counsel, Appeals Division, Chicago, IL, for Edward S. Wodnicki.

Before POSNER, Chief Judge, and EASTERBROOK and ROVNER, Circuit Judges.

POSNER, Chief Judge.

We have before us a motion by the appellant to postpone the briefing of his appeal. The motion raises a question of interpretation of *Apostol v. Gallion*, 870 F.2d 1335 (7th Cir.1989). The background can be explained briefly. Chan, a Chicago police officer, brought suit against Wodnicki (and others), under 42 U.S.C. § 1983, claiming that Wodnicki, a supervisory employee of the police department, had transferred Chan to a less desirable job within the department in retaliation for Chan's having pleaded the Fifth Amendment before a grand jury. Wodnicki moved for summary judgment on the ground of qualified immunity. This was denied and he filed a notice of appeal. The district judge certified the appeal as frivolous. Wodnicki asked us to stay the trial of Chan's case against him, which was about to begin, pend-

ing determination of his appeal. We denied the stay without a statement of reasons. The trial was held, and Wodnicki lost. Both sides have filed postjudgment motions with the district judge. Wodnicki now asks us to allow him to delay the filing of his brief on appeal from the denial of qualified immunity until the postjudgment motions are decided. He believes that, however those motions are decided, one or even both sides will appeal and it would be more efficient to brief that appeal (or those appeals) together with the appeal from the denial of qualified immunity.

■ The question that has moved us to write is: Does Wodnicki still *have* an appeal from the denial of qualified immunity, or did it go down the drain either when we denied his request for a stay of the trial or when the trial was held? We explained in *Apostol* that because official immunity, the immunity invoked by Wodnicki, is immunity from trial as well as from a judgment for damages, the filing of a notice of appeal from the denial of a motion to dismiss the suit on grounds of immunity automatically stays the trial until the appeal is resolved. A *frivolous* appeal is a nullity, however; it does not engage the jurisdiction of the court of appeals, just as a frivolous suit does not engage the jurisdiction of the district court; and this is as true of an appeal from a denial of immunity as of any other appeal. *Apostol* held that if the district judge certifies that the appeal from the denial of immunity is frivolous, the judge can proceed with the trial. The defendant can obtain our immediate review of the district judge's determination of frivolousness by asking us to stay the trial, and that is what Wodnicki did here, unsuccessfully. The point of the procedure adopted in *Apostol* is to prevent a defendant from disrupting the district court's trial schedule by filing a frivolous appeal.

The first question presented by Wodnicki's new motion is the status of the appeal from the denial of immunity after the stay is denied. Should denial of the stay be deemed a determination that the appeal is indeed frivolous? If so, that denial is tantamount to dismissal of the appeal, and Wodnicki's motion to postpone the briefing of it should be dismissed as moot because there is no appeal to brief. The second question is whether, even if Wodnicki's claim of immunity is not moot, the appeal is moot because the denial of the stay allowed the trial to go forward, and the appeal was only from the decision of the district court to allow the trial to go forward.

■ The claim of immunity survives the denial of a stay, as our decision in *McMath v. City of Gary*, 976 F.2d 1026, 1030–31 (7th Cir.1992), assumed, although without discussion of the issue. Cf. *United States v. Chiattello*, 804 F.2d 415, 417 (7th Cir.1986); *United States v. Cannon*, 715 F.2d 1228, 1231 (7th Cir.1983). A request for a stay is a request for extraordinary relief, equitable in character, and just as with the denial of a motion for a preliminary injunction—of which a motion for a stay is the appellate analogue, *Roland Machinery Co. v. Dresser Industries, Inc.*, 749 F.2d 380, 387 (7th Cir.1984)—the denial of the request need not express any view of the merits of the underlying appeal, let alone a definitive view. Wodnicki's motion did not make a sufficiently compelling case to delay a trial, in a four-year-old case, that was scheduled to begin in just four days. It does not follow that he should be barred from arguing in the more leisurely setting of a fully briefed appeal that his claim of immunity, far from being frivolous as the district court believed it to be, is meritorious and should be accepted. The trial has not made his claim of immunity moot, for while the immunity is from trial as well as from judgment, by the same token it is from judgment as well as from trial. *Mitchell v. Forsyth*, 472 U.S. 511, 527–28, 105 S.Ct. 2806, 2816, 86 L.Ed.2d 411 (1985); *Abel v. Miller*, 904 F.2d 394, 397 (7th Cir.1990); *Apostol v. Gallion, supra*, 870 F.2d at 1339.

Had the stay been denied because we agreed with the district court that the claim was frivolous, or otherwise held it to be without merit, the appeal would have been dismissed at the same time, but it was not; we did not decide the merits. The denial of the stay was a ruling merely on the equities of postponing trial, not on the merits of the appeal. We add that our conclusion that the denial of the stay did not moot Wodnicki's claim to immunity is in accordance with the

only decision that we have found on the question. *Langley v. Adams County,* 987 F.2d 1473, 1477 (10th Cir.1993). But in further and only slightly oblique support for our conclusion we point out that decisions dealing with the parallel issue whether a claim of double jeopardy (a defense, like immunity, to trial as well as to judgment) survives the denial of a motion to stay the defendant's trial conclude, likewise, that it does. *United States v. Leppo,* 634 F.2d 101, 105 (3d Cir. 1980); *United States v. Hines,* 689 F.2d 934 (10th Cir.1982).

■ The question whether Wodnicki's claim of immunity is moot must not be confused with the question whether his appeal from the denial of that claim *before trial* is moot. Since the appeal was taken before the trial, the only ruling that it could challenge was the ruling that Wodnicki must stand trial. A challenge to a judgment against him would have been premature, because the case had not yet gotten as far as the entry of a judgment, and the judgment might be in his favor. Since all that was at stake in the appeal was whether Wodnicki must stand trial, the trial mooted the appeal by eliminating the stake. Wodnicki intends to appeal from the judgment against him—if it stands, after the judge has ruled on the post-judgment motions—and, as we have made clear in this opinion, our action in denying him the stay that he asked for did not moot his claim of immunity. He is free to present that claim in a new appeal, an appeal from the judgment, whichever way it goes, and whichever party appeals. But his original appeal is moot and is therefore dismissed as moot, while the motion to postpone the briefing of that appeal is dismissed for the same reason.