**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Rodney WALKER, Defendant–Appellant.**

No. 00–3718.

United States Court of Appeals, Seventh Circuit.

Submitted March 30, 2001.

Decided Aug. 6, 2001.

Before Hon. KANNE, Hon. ILANA DIAMOND ROVNER, Hon. WILLIAMS, Circuit Judges.

ORDER

After Rodney Walker pleaded guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1), the district court sentenced him to 180 months' imprisonment and five years' supervised release. Walker filed a timely notice of appeal, but his counsel has moved to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he is unable to discern a nonfrivolous issue for appeal. Pursuant to Circuit Rule 51(b), Walker was notified of the opportunity to respond to counsel's motion to withdraw and he filed a brief response. Counsel's *Anders* brief is facially adequate, and therefore we limit our review of the record to those potential issues counsel identifies. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997) (per curiam); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir.1996). Because we agree with counsel that the potential issues he identifies are indeed frivolous, we grant counsel's motion to withdraw and dismiss the appeal.

In his *Anders* brief, counsel first considers whether Walker might argue that his plea colloquy did not satisfy Rule 11 of the Federal Rules of Criminal Procedure. Normally we review a Rule 11 plea collo-

quy for plain error. *See United States v. Driver,* 242 F.3d 767, 769 (7th Cir.2001). But even under the more exacting standard of review followed by some circuits, *see United States v. Vonn,* 224 F.3d 1152, 1155 (9th Cir.2000), *cert. granted,* —— U.S. ——, 121 S.Ct. 1185, 149 L.Ed.2d 102 (2001) (noting that Rule 11 has its own review mechanism that supersedes the normal waiver rule), we agree with counsel that an appeal based on the propriety of the guilty plea would be frivolous.

During the plea colloquy, the government proffered a specific factual basis that adequately supports each essential element of the § 922(g)(1) offense, and Walker agreed to the factual scenario presented. Moreover, Walker acknowledged under oath that he understood the consequences of his guilty plea, that he was not pressured or coerced to plead guilty, and that his plea was voluntary. These representations are presumed truthful. *United States v. Gwiazdzinski,* 141 F.3d 784, 788 (7th Cir.1998); *United States v. Ellison,* 835 F.2d 687, 693 (7th Cir.1987). The district court substantially complied with Rule 11 by ensuring that Walker understood the nature of the charges against him, the minimum penalties, the existence and likely effect of the sentencing guidelines, and the various rights he would waive by pleading guilty.

The court, however, did not advise Walker of the maximum term of imprisonment and misadvised him as to the maximum term of supervised release. Although the district court erred when it did not advise Walker of the maximum term of imprisonment and supervised release, Walker did not move to withdraw his guilty plea below. Thus, we would review the district court's missteps for plain error, that is, an error that affected the "fairness, integrity, or public reputation of judicial proceedings." *See United States v. Olano,* 507 U.S. 725, 736, 113 S.Ct. 1770, 123

L.Ed.2d 508 (1993); *United States v. Driver,* 242 F.3d 767, 771 (7th Cir.2001). In the Rule 11 context, this means "a demonstration ... not only that the defendant would not have pleaded guilty in the absence of the district court's error, but also some reason to believe that the defendant should not be convicted—for a conviction achieved after a voluntary guilty plea cannot be described as a miscarriage of justice if the defendant had no defense and was bound to be convicted anyway." *Driver,* 242 F.3d at 771. In this case, it would be frivolous for Walker to argue that a miscarriage of justice resulted because the information omitted by the judge at the change of plea hearing—namely, the maximum term of imprisonment and supervised release—was contained within the PSR, which Walker acknowledged reading before sentencing.

Counsel next evaluates whether the district court's decision to sentence Walker under the Armed Career Criminal Act could be challenged on appeal. *See* 18 U.S.C. § 924(e)(1); U.S.S.G. § 4B1.4. Under the Act, any person who violates § 922(g) and has three previous convictions for violent felonies or serious drug offenses shall be imprisoned not less than fifteen years. *See* 18 U.S.C. § 924(e)(1). Walker had previously been convicted of two service-station burglaries and three counts of distributing cocaine, each of which qualify as either a "serious drug offense" and "violent felony" under the Act. *See* 18 U.S.C. § 924(e)(2)(A), (B). Thus, Walker was properly sentenced as an Armed Career Criminal. Moreover, the court fully complied with Rule 32 of the Federal Rules of Criminal Procedure by permitting Walker the opportunity to review and present objections to the PSR. Walker did not object to the probation officer's recommended guidelines calculations and thus waived any challenge on appeal to their adoption by the district

court. *See United States v. Staples,* 202 F.3d 992, 995 (7th Cir.2000). Consequently, any potential argument regarding Walker's sentence would be frivolous.

■ One issue remains. After his counsel moved to withdraw, Walker filed a motion requesting that his counsel be dismissed so that he may proceed on his appeal pro se. But because Walker does not have a right to proceed with a frivolous appeal, *see Chan v. Wodnicki,* 67 F.3d 137, 139 (7th Cir.1995), his motion is denied. Accordingly, we GRANT counsel's motion to withdraw and DISMISS Walker's appeal.