**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ralphfield HUDSON, Defendant–
Appellant.**

**No. 02–2392.**

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 16, 2002.

Decided Oct. 25, 2002.

Before Hon. BAUER, Hon. POSNER,
and Hon. DIANE P. WOOD, Circuit
Judges.

ORDER

Twice within approximately one month,
Rockford, Illinois, police found Ralphfield
Hudson in a house with crack and a gun.
In January 2002 a jury found him guilty of
two counts of possessing cocaine base with
intent to distribute, *see* 21 U.S.C.
§ 841(a)(1), and of possession of a firearm
by a felon, *see* 18 U.S.C. § 922(g)(1). The
district court sentenced him to two concur-
rent terms of 480 months' incarceration on
the distribution counts, and to a concur-
rent term of 360 months' incarceration on
the firearm count. Hudson's appointed
counsel has now moved to withdraw under
*Anders v. California*, 386 U.S. 738, 87
S.Ct. 1396, 18 L.Ed.2d 493 (1967), because
she is unable to identify a nonfrivolous
issue for appeal. Hudson responded to

counsel's motion, *see* Circuit Rule 51(b),
and we confine our review of the record to
the potential issues identified in counsel's
facially-adequate brief and Hudson's re-
sponse. *See United States v. Tabb*, 125
F.3d 583, 584 (7th Cir.1997) (per curiam).

Counsel first examines whether Hudson
could make a nonfrivolous argument that
the district court erred by denying his
motion to suppress evidence seized during
the second search of the crack house. In
evaluating this potential claim, we would
review the court's legal conclusions de
novo and its factual findings for clear er-
ror. *See United States v. Yang*, 286 F.3d
940, 944 (7th Cir.2002). The district court
denied the motion because in its view the
search pursuant to a warrant was sup-
ported by probable cause. *See Illinois v.
Gates*, 462 U.S. 213, 233, 103 S.Ct. 2317, 76
L.Ed.2d 527 (1983). We agree with coun-
sel that the supporting affidavit estab-
lished probable cause for the second
search; it set forth details about a con-
trolled purchase of crack made at the
house by a confidential informant three
days earlier, cited recent complaints by
concerned neighbors of foot traffic around
the house, and detailed the prior search
which led to the seizure of narcotics and of
a firearm. *See United States v. Romo*, 914
F.2d 889, 898 (7th Cir.1991). But even if
probable cause was lacking, Hudson made
no showing (nor did he even suggest) that
the police lacked a reasonable and good-
faith belief that probable cause supported
the warrant. *See United States v. Leon*,
468 U.S. 897, 918–23 (1984). Consequent-
ly, we agree with counsel that a potential
challenge on this ground would be frivo-
lous.

Counsel and Hudson both evaluate
whether Hudson could challenge the gov-
ernment's peremptory strike of the only
African–American juror in the venire.
Trial counsel objected under *Batson v.*

*Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), but the district court denied the *Batson* motion on the ground that the government had articulated an adequate reason for exercising the peremptory challenge. To survive a *Batson* challenge, a peremptory strike need not be based on a strong or good reason, only founded on a reason other than race or gender. *United States v. James,* 113 F.3d 721, 729 (7th Cir.1997). Here, Hudson's claim that the court clearly erred by rejecting the *Batson* challenge is frivolous–the government stated that it was excusing the juror because he had a third-grade education and had three stepsons with prior drug convictions, and Hudson made no showing that a comparable white juror was selected despite similar concerns.

Counsel next looks at whether the evidence was sufficient to support Hudson's convictions for possessing crack with intent to distribute and of possession of a firearm by a felon. We would evaluate such claims deferentially, considering the evidence in the light most favorable to the government, drawing all reasonable inferences in its favor. *United States v. Taylor,* 226 F.3d 593, 596 (7th Cir.2000). We agree with counsel that sufficient evidence established that Hudson knowingly possessed an illegal substance with the intent to distribute it. *See* 21 U.S.C. § 841(a)(1); *United States v. Martinez,* 301 F.3d 860, 865 (7th Cir.2002). During the first search of the crack house, police found Hudson in a northeast bedroom that contained crack, baggies, a gun, and his clothes hanging in the closet. Police also found crack and scales elsewhere in the house. During the second search approximately one month later, police found Hudson in a bathroom with crack, and also discovered two-way radios, a scale, and baggies. Moreover, a witness testified that he had purchased crack from Hudson five or six times in the past. We also agree with counsel that

sufficient evidence supported the jury's finding that Hudson was a felon who possessed a firearm that traveled in interstate commerce. *See* 18 U.S.C. § 922(g)(1); *United States v. Wallace,* 280 F.3d 781, 784 (7th Cir.), *cert. denied,* — U.S. —, 122 S.Ct. 2641, 153 L.Ed.2d 820 (2002). Hudson stipulated that he was a convicted felon at the time of the first search. And though Hudson claims that he did not possess the gun, there was sufficient evidence suggesting otherwise–a police detective testified that he saw Hudson put a small dark object under a pillow that was discovered to be an Italian-made .25 caliber handgun.

Hudson's response proposes additional grounds for appeal. He first contends that his trial counsel was ineffective for mounting an insufficient challenge to the government's peremptory strike. As we previously noted, any challenge to the strike would be frivolous; thus, a potential claim that counsel was ineffective for not prevailing in his objection to the strike would also be frivolous. Moreover, claims for ineffective assistance are generally not appropriate on direct appeal, and are better raised in a collateral attack because the record is often insufficient at this stage for a complete review. *United States v. Schuh,* 289 F.3d 968, 976 (7th Cir.2002).

Hudson's remaining complaints are frivolous. He contends that the district court improperly steered the jury to find him guilty of the firearm charge by instructing them that Hudson was a convicted felon. But the court did no such thing; instead, it properly told the jury to consider *evidence* that Hudson previously had been convicted of a felony, and only for the purpose of evaluating his guilt on the § 922(g)(1) charge. Hudson also argues that his § 922(g)(1) conviction was improper because the jury found him not guilty of possessing a firearm in relation to a drug

trafficking crime, *see* 18 U.S.C. § 924(c). Hudson claims that these verdicts were inconsistent. But inconsistent verdicts are permissible in criminal cases, *United States v. Powell,* 469 U.S. 57, 65–69, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984), and the verdicts were not inconsistent in any event–the two offenses have different elements. Finally, Hudson asserts that counsel's motion to withdraw violates his right to appeal, but there is no right to proceed with a frivolous appeal. *Chan v. Wodnicki,* 67 F.3d 137, 139 (7th Cir.1995).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.