## LEAGUE OF WOMEN VOTERS OF OHIO, et al., Plaintiffs,

v.

## J. Kenneth BLACKWELL, Secretary of State of Ohio, and Bob Taft, Governor of Ohio, Defendants.

No. 3:05CV7309.

United States District Court,
N.D. Ohio,
Western Division.

March 15, 2006.

Brian D. Greer, Courtney E. Smothers, David E. Kouba, Kevin M. Green, Michael R. Geske, Shelby H. Hunt, Anne P. Davis, Bruce L. Montgomery, James P. Joseph, John A. Freedman, Arnold & Porter, Washington, DC, Evan S. Greene, Bert H. Deixler, Bertrand C. Sellier, Brian H. Schusterman, Caroline S. Press, Jennifer R. Scullion, Proskauer Rose, New York, NY, Jeffery A. Gross, Proskauer Rose, Los Angeles, CA, Jason A. Hill, Steven P. Collier, Connelly, Jackson & Collier, Toledo, OH, Benjamin J. Blustein, Jon M. Greenbaum, Jonah H. Goldman, Lawyers' Committee for Civil Rights Under Law, Washington, DC, Brenda Wright, National Voting Rights Institute, Boston, MA, Deborah Liu, Elliott M. Mincberg, People for the American Way Foundation, Washington, DC, Robert Rubin, San Francisco, CA, for Plaintiffs.

Damian W. Sikora, Office of the Attorney General, Richard N. Coglianese, Office of the Attorney General Constitutional Of-

fices Section, Columbus, OH, for Defendants.

## ORDER

CARR, Chief Judge.

Plaintiffs League of Women Voters, *et al.* (LWV) brought this action against defendants J. Kenneth Blackwell, Secretary of State of Ohio, and Bob Taft, Governor of Ohio, under 42 U.S.C. § 1983 and the Fourteenth Amendment of the Constitution of the United States. LWV alleges Secretary Blackwell and Governor Taft administer a voting process which systematically impairs Ohio citizens' voting rights. Jurisdiction exists under 28 U.S.C. § 1331.

Pending is defendants' motion to stay discovery pending a sovereign immunity appeal. For the following reasons, that motion will be denied.

### Procedural Background

Defendants' first motion to dismiss did not raise a sovereign immunity defense. That motion was granted in part and denied in part, with plaintiffs' constitutional claims surviving defendants' dismissal request. (Doc. 201).

While that motion was pending, defendants sought leave to file a supplemental motion to dismiss contending that the complaint, as filed, sought prospective relief specifically and solely for the November, 2005, election. Because that relief was moot following the election, defendants argued sovereign immunity barred plaintiffs' claims. (Doc. 186).

Plaintiffs disputed defendants' reading of the complaint, but sought leave to file an amended complaint. Defendants acknowledged that an amended complaint seeking prospective relief as to future elections would resolve the issue raised in their motion for leave to file a supplemental motion to dismiss. They reserved the right, however, to seek dismissal on sovereign immunity grounds once an amended complaint was filed. I, therefore, overruled without prejudice the defendants' motion for leave to file a supplemental motion to dismiss.

Soon thereafter, I granted in part and denied in part defendants' original motion to dismiss. Specifically, I overruled defendants' arguments that plaintiffs' constitutional allegations failed to state a claim on which relief could be granted. That decision was filed on December 2, 2006. (Doc. 201).

Defendants subsequently sought leave under 28 U.S.C. § 1292(b) to take an interlocutory appeal of that order. While confident in my ruling, I acknowledged the potential for disagreement with my reading of plaintiffs' constitutional claims and, therefore, granted defendants leave to take appeal to the Sixth Circuit.

Contemporaneous with their § 1292(b) motion, defendants also filed another motion to dismiss, challenging the amended complaint on grounds of sovereign immunity. In addition to raising that issue, defendants restated the arguments I had earlier overruled in the order of December 2, 2005.

I denied this motion. In addition, because plaintiffs, at defendants' request, had corrected any technical defect with respect to their desired relief months earlier and defendants' motion simply reframed into sovereign immunity language their earlier arguments concerning the sufficiency of plaintiffs' constitutional claims, I certified the motion as without merit and stated that "this court will retain jurisdiction during the pendency of any appeal of this order." (Doc. 237, p. 9); *see also Dickerson v. McClellan,* 37 F.3d 251, 252 (6th Cir.1994); *Blair v. City of Cleveland,* 148 F.Supp.2d 919, 922 (N.D.Ohio 2000) ("Under the court's holding in *Apostol [v.*

*Gallion,* 870 F.2d 1335, 1339 (7th Cir. 1989)], where a court finds that an appeal is frivolous, or where the defendants use claims of immunity in a manipulative fashion, the district court may certify that the defendant has surrendered the entitlement to a pretrial appeal and proceed with trial.") (citations omitted).

Defendants now request another stay of discovery. In effect, they ask that I reconsider my determination that their sovereign immunity argument is frivolous.

## Discussion

Defendants claim that: 1) my determination that the December 2 Order was the law of the case was erroneous and, therefore, defendants restated dismissal arguments were not frivolous; and 2) my determination that grounds for disagreement with my December 2 Order could exist necessarily indicates their sovereign immunity defense is not frivolous. Neither argument has merit.

■ Defendants contend the law of the case doctrine applies only to appellate decisions on remand and not to the trial court's own prior decisions. Consequently, they argue I should not have deferred to my earlier December 2 Order. Put simply, defendants are mistaken. "[Law of the case] doctrine applies with equal vigor to the decisions of a coordinate court in the same case and to a court's own decisions." *U.S. v. Todd,* 920 F.2d 399, 403 (6th Cir. 1990) (citing *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 816, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988)). Consequently, the December 2 Order remains the law of the case.

■ Second, defendants argue that because I have ruled an appeal concerning the sufficiency of plaintiffs' constitutional claims could have merit, I must rule the same way with respect to their sovereign immunity defense. That argument conflates very different legal principles.

■ States are generally immune from suits brought by their own citizens in federal court. *Ernst v. Rising,* 427 F.3d 351, 358 (6th Cir.2005) (citing *Hans v. Louisiana,* 134 U.S. 1, 21, 10 S.Ct. 504, 33 L.Ed. 842 (1890)). That immunity does not, however, extend to claims brought against state officials in their official capacity alleging an ongoing failure to comply with federal law and seeking only prospective relief. *Verizon v. Public Serv. Comm'n.,* 535 U.S. 635, 645, 122 S.Ct. 1753, 152 L.Ed.2d 871 (2002); *Ex parte Young,* 209 U.S. 123, 159–60, 28 S.Ct. 441, 52 L.Ed. 714 (1908); *Westside Mothers v. Haveman,* 289 F.3d 852, 860 (6th Cir.2002). Defendants contend that because legitimate dispute exists with respect to the existence of the underlying constitutional right, legitimate dispute must also exist with the respect to the availability of the sovereign immunity defense. *Death Row Prisoners of Pennsylvania v. Ridge,* 948 F.Supp. 1282, 1286 (E.D.Pa.1996) ("[A] matter is not frivolous if any of the legal points are arguable on their merits.").

Defendants' argument proves too much. To accept their contention would be to turn every question of whether a plaintiff pleaded a sufficient claim into one of sovereign immunity. Recognizing this, the Supreme Court, in decisions postdating the Eastern District of Pennsylvania case defendants rely on, rejected any inquiry into the merits of plaintiffs claim, factual or legal, at the sovereign immunity stage. *Verizon,* 535 U.S. at 646, 122 S.Ct. 1753; *Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 281, 117 S.Ct. 2028, 138 L.Ed.2d 438 ("An allegation of an ongoing violation of federal law ... is ordinarily sufficient"). To determine whether sovereign immunity applies, a court conducts only a "straightforward inquiry into

whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon*, 535 U.S. at 645, 122 S.Ct. 1753. "[T]he inquiry into whether suit lies under *Ex parte Young* does not include an analysis of the merits of the claim." *Id.* at 646, 122 S.Ct. 1753. Indeed, the court in *Verizon* specifically disapproved of the approach defendants' would have this court take:

> "The Fourth Circuit suggested that Verizon's claim could not be brought under *Ex parte Young,* because the Commission's order was probably not inconsistent with federal law after all. 240 F.3d, at 295–297. The court noted that the FCC ruling relied upon by Verizon does not seem to require compensation for ISP traffic; that the Court of Appeals for the District of Columbia Circuit has vacated the ruling; and that the Commission interpreted the interconnection agreement under state contract-law principles. It may (or may not) be true that the FCC's since-vacated ruling does not support Verizon's claim; it may (or may not) also be true that state contract law, and not federal law as Verizon contends, applies to disputes regarding the interpretation of Verizon's agreement. But the inquiry into whether suit lies under *Ex parte Young* does not include an analysis of the merits of the claim. *See Coeur d'Alene,* supra, at 281, 521 U.S. 261, 117 S.Ct. 2028, 138 L.Ed.2d 438 ('An allegation of an ongoing violation of federal law ... is ordinarily sufficient' (emphasis added))."

*Id.*

The legal sufficiency of plaintiffs' constitutional claims, and the potential for appeal on that issue, have no bearing with respect to the sovereign immunity issue. Thus, defendants' objections are not well taken.

### Conclusion

The December 2 Order remains the law of the case. The merits of defendants' potential appeal with respect to the sufficiency of plaintiffs' constitutional claims are irrelevant with respect to defendants' sovereign immunity argument.

It is, therefore,

ORDERED THAT defendants' motion to stay be, and the same hereby is, denied. The clerk shall schedule a status conference forthwith.

So ordered.